NICHOLAS GARRETT

*v.*

ANNA GARRETT.

[Decided July 19th, 1916.]

1. It is an inflexible rule in this state that a divorce will not be granted upon the uncorroborated testimony or admission of a party to the suit. Not only does this apply to the cause but to every element in the proofs necessary to sustain it.

2. A defendant's confession of guilt in a divorce case is not such evidence, as, by the law of this state, will support a decree.

3. A defendant's confession of guilt in a divorce case, to be evidence, must be corroborated as to the fact or facts confessed and not as to the confession being made.

4. As a decree cannot be granted upon the uncorroborated testimony of the petitioner, nor upon the defendant's uncorroborated confession, it follows that such uncorroborated testimony, plus such uncorroborated confession, amount to no more than each standing alone, and are insufficient and not legal evidence. While both are admissible in evidence, each much be corroborated in order to be effective as evidence in the cause.

5. While there are instances when counsel cannot avoid testifying on behalf of his client, as where the facts are so peculiarly within his knowledge that his evidence becomes a matter of necessity in order that justice may be done, nevertheless it is a matter of impropriety for a solicitor to seek an interview with, and secure a confession from, a defendant, and to testify to that confession on behalf of his client.

On exceptions to master's report.

*Mr. Charles E. Hendrickson, Jr.,* for the petitioner and exceptant.

WALKER, CHANCELLOR.

The petitioner sued for divorce from his wife on the ground of adultery alleged to have been committed by her on October 12th, 1913, with a man named Preddie, at No. 128 West One

Hundred and Thirty-ninth street, in the city and State of New York. The defendant did not answer, and the master to whom the cause was referred reported adversely to the petitioner, who filed three exceptions to the master's findings.

The first exception is to the report by the master that it was proved to his satisfaction that the petitioner and defendant lived together as husband and wife in Troy, and also in the city of New York, from the time of their marriage until the petitioner left the defendant because he suspected her of being unduly intimate with Preddie, the date of which he appeared to be unable to fix—even the year in which he left her not being remembered by him—four or five years before was the nearest he could come to it.

The ground of objection to this much of the report is that it appears by the deposition of the *petitioner* that he left his wife about *four* years before because he found out that she was not true to him, saying elsewhere that he did not remember the month and that it was about *six* years before. He said he thought it was about a year after they separated that he met his brother-in-law, who told him that she (the petitioner's wife) was living with Preddie at No. 128 West One Hundred and Thirty-ninth street, New York City; that he went there and found out that it was true; that he went there, saw her personally and asked if she was living with Preddie, and she said that she was, and did not want people to know that she was living the way she was; that she did not want people to know that Preddie was not her husband.

Nothing of a controlling character is involved in the question presented by this exception. It may be dismissed with the assertion that it is the petitioner's uncorroborated testimony.

And it is an inflexible rule in this state that a divorce will not be granted upon the uncorroborated testimony or admission of a party to the suit. Not only does this apply to the cause, but to every element in the proofs necessary to sustain it. *Williams* v. *Williams, 78 N. J. Eq. 17; Hague* v. *Hague, 85 N. J. Eq. 537.*

The second exception is to the finding of the master that it was not proved that the defendant committed adultery with

Preddie at the time and place alleged in the petition, although it was proved to his satisfaction that the defendant committed adultery with Preddie at that address in the month of November following, and that she was then living with Preddie as his wife at the same place. As ground for this exception the petitioner insists that it appears by the deposition of his solicitor that the defendant admitted to him that she went to live with Preddie about five years before the deposition was taken, and said that she had lived with him ever since, which showed that she was living with Preddie in October, 1913, and that the master should have reported that she committed adultery with him on the date alleged in the petition.

At best for the petitioner, the evidence of his solicitor merely recites the confession of a guilty wife, which, in and of itself, is not sufficient groundwork upon which to rest a divorce. A defendant's confession of guilt in a divorce case is not such evidence as by the law of this state will support a decree. *Howard* v. *Howard, 77 N. J. Eq. 186.* Such confessions, to be evidence, must be corroborated, as to the *fact or facts confessed,* and not as to the confession being made. *Kloman* v. *Kloman, 62 N. J. Eq. 153, 156.* The solicitor's deposition relates to a conversation he had with the defendant who called at his office in response to a letter from him and introduced herself, and, in answer to questions propounded by him, made a detailed and circumstantial confession about leaving her husband and going to live with Preddie, all of which the solicitor repeats in his deposition.

Now, as a divorce cannot be granted upon the uncorroborated testimony of the husband as to his wife's guilt, nor upon her uncorroborated confession of that guilt, it follows necessarily that the uncorroborated testimony, plus the uncorroborated confession, amount to no more than each standing alone, and are not legal evidence. True, both the testimony and the confession are admissible in evidence, but each must be corroborated in order to be effective as evidence in the cause.

There is nothing in the recent case of *Hague* v. *Hague, supra* (court of errors and appeals), which militates against this view. In that case, as in *Schaab* v. *Schaab, 66 N. J. Eq. 334,* the defendant was subpœnaed as a witness and examined on behalf of

the petitioner. These were divorce cases, but what the defendants said under oath which went to prove the petitioners' case amounted to confessions of guilt made under oath. In each of these cases a divorce was denied in the court of chancery and that court's decree in each was reversed. These reversals, however, were not based upon any ruling that the testimony given by the defendants alone and without corroboration was sufficient. On the contrary, an examination of each of these cases shows that the testimony given by the defendants was corroborated. In the *Hague Case,* in the syllabus written by Mr. Justice Trenchard, who delivered the opinion of the court, it is laid down that the wife's testimony was corroborated by that of her husband and *another witness,* and quotations from the evidence are made in the body of the opinion for the purpose of justifying the statement made in the syllabus. In the *Schaab Case* it was stated by Mr. Justice Fort, who wrote the opinion, that the defendant's testimony was admissible, as to the facts and circumstances concerning which she testified, and that it was entirely corroborative of the testimony of the detectives. This being so, the testimony of the detectives was, of course, entirely corroborative of hers. The law to be deduced from the cases on the question before me is, that defendants in divorce cases may be called as witnesses by the petitioners, but that their testimony is insufficient for the granting of a divorce *unless corroborated as to the fact or facts confessed.*

The third objection, complaining that the master reported that, as it was decided by this court in *Rapp* v. *Rapp, 67 N. J. Eq. 236,* desertion by the husband which existed during the period fixed by the statute as ground for an absolute divorce, appearing by his own testimony, was a bar to a divorce against the wife for subsequent adultery, though not so pleaded, he, the master, was constrained to report that the petitioner was not entitled to the relief prayed for in his petition and that it should be dismissed.

The argument made against this finding and recommendation is, that the petitioner has sustained the allegations of his petition and that it appears from the depositions that the petitioner deserted the defendant because she was misconducting herself

with Preddie and living in open adultery with him and continued so to do down to the time of the taking of the deposition, and that the petitioner was therefore justified in leaving her, and, besides, that he could not bring suit for divorce in New York on the ground of adultery because he resided in New Jersey, and could not bring suit in New Jersey on the ground of desertion until two years after he had resided here, and that the cause for action for adultery was complete, and because the evidence clearly showed that there was no legal desertion by the petitioner, as he was justified in abandoning his wife because of her living in adultery with Preddie.

It is not necessary to consider the matters raised in this exception, because of want of legal proof of the cause for action laid in the petition. In other words, because neither the petitioner's story nor the wife's confession is corroborated. I will devote a short space to demonstrating the fact to be as I have declared.

The only witnesses in the case were the petitioner, John B. Cole, John H. Butler and the petitioner's solicitor. Corroboration, therefore, must be found, if at all, in the testimony of Cole or Butler. It is already shown that the solicitor's testimony simply went to the fact of the confession being made, not to the facts said in the confession to have occurred.

Cole testified, aside from some unimportant matters, that he knew the defendant, had met her once. This was when he delivered papers to her that the solicitor gave him to put in her hands, a copy of the petition for divorce and a notice to appear. This was at No. 128 West One Hundred and Thirty-ninth street, New York. On a later occasion he went there again, accompanied by the *petitioner* and Butler; that he rang the bell and the defendant met them in the hall on the ground floor; that he asked her if she was Mrs. Preddie, and she replied that she was; that he asked her if she could recognize him and she said yes, he was over some time before to serve papers and she thought the thing had gone through, that was the reason she did not make any answer, that she was willing to let it go through. The witness then asked her if she was Mrs. Anna Preddie, and she called her husband (not saying whether it was Garrett or

Preddie) by his first name, and the witness asked her if he was her real husband and if they were living together, and she said, "I am," meaning, of course, "they were," and meaning, also, doubtless, her and Preddie. If this interpretation is to be put upon the testimony, it amounted to no more than a confession by a wife in the presence of her husband, which is not legal evidence.

Butler, besides speaking of inconsequential matters, said he had been acquainted with the defendant three or four years, knew that she and her husband, the petitioner, were living together in New York, at which time he saw the petitioner once or twice a month. The defendant was then living at No. 128 West One Hundred and Thirty-ninth street, he thought; that he knew she was living there because her name was on the bell (not saying what the name was). He had been there to see her, was once in the place where she lived, went there with Cole as a witness, saw the defendant there. The *petitioner* and Cole went with him and the petitioner introduced Cole to the defendant in his presence; that she goes under the name of Mrs. Preddie; that the petitioner introduced his wife to Butler and to Cole.

It is to be inferred from Cole's testimony that the defendant was living separate and apart from the petitioner. This, of itself, means little or nothing. Her assertion to Cole that she was living with Preddie was only her confession once more repeated. Butler's assertion that he knew that she was living at No. 128 West One Hundred and Thirty-ninth street, New York, because her name was on the bell does not say what name, Garrett or Preddie. Butler's going to the place with Cole and the petitioner when the latter introduced both Cole and Butler, apparently, to the defendant, does not, in the meagre facts testified to, amount to anything of value for the petitioner. Butler's assertion that the defendant went under the name of Mrs. Preddie is hearsay, so far as the proof shows. However, the petitioner being present at the interview spoken to vitiates the testimony as will presently be shown.

In *Palmer* v. *Palmer, 22 N. J. Eq. 88,* Chancellor Zabriskie took occasion to regret that counsel and the master both saw fit to disregard the rule to take down the testimony in such

manner that it might appear whether the facts sworn to were within the personal knowledge of the witness or not. His observations in this regard are particularly apposite in the case at bar. The same rules apply to the testimony in undefended divorce cases as in all other cases. *Topfer* v. *Topfer, 68 Atl. Rep. 1071.* The meagre and apparently hearsay testimony above mentioned may not be held as corroborating the complainant's case. In fact, I think I would be justified in saying that it could not be distorted into the corroboration which the law requires.

There is, however, the controlling impediment of the husband's presence when the wife made her statements to Cole and Butler. Such a confession is presumed to be procured by his coercion and does not afford a basis upon which to build and support a charge of adultery. *Summerbell* v. *Summerbell, 37 N. J. Eq. 603.*

The testimony adduced in this case, if believed, and I see no reason to doubt its truth, shows that the petitioner has a meritorious case. The trouble with it is, as shown above, the testimony upon which it is rested is not legal evidence. I am willing, however, to open the matter and afford the petitioner an opportunity of proving his case. If his wife is, and has been for years, living in open adultery with Preddie in New York, it seems that it ought not to be difficult to prove the fact, and the time of its duration which, in turn, would cover the date pleaded in the petition.

There appears in the record in this case a matter which I do not feel at liberty to disregard and to which I am constrained to allude, and that is, the petitioner's solicitor procuring a confession to be made to him by the defendant and becoming a witness in the cause and detailing the confession in his testimony.

In *Thornt. Attor. L.* it is laid down in § *190:*

"As a mere matter of propriety, an attorney should not testify on behalf of his client, in a case wherein he appears as counsel. The practice, or habit, of so doing deserves, and has received, severe condemnation. It is recognized, of course, that there are instances where counsel cannot avoid testifying on behalf of the client, as where facts are so peculiarly within his knowledge that his evidence becomes a matter of necessity in order that justice may be done."

And the cases cited in the notes amply justify the strictures of the author.

The chief-justice of Delaware, sitting for the chancellor, in *Real Estate Trust Co.* v. *Wilmington, &c., Electric Co., 9 Del. Ch. 99,* in sustaining the competency of an attorney, who was of counsel for one of the parties, to prove an admission of the adverse party, took occasion to observe (at *p. 76*) :

"The testimony given by Mr. Ward was not a confidential communication from client to counsel. It was not even upon a controverted point, neither did it touch the merits of the case in any way. It was simply the service of a formal notice. As was said by the court in the case of *Crooks* v. *Purnell,* the act proposed to be proved did not partake in any degree of the character of a confidential communication between counsel and client. It was rather an act done, or step taken, in the cause by the counsel for the plaintiff."

There is no question of confidential communication involved in the case at bar, and *Real Estate Trust Co.* v. *Wilmington, &c., Electric Co.* is cited only to the point that courts look with disfavor upon counsel testifying for clients on the merits or on controverted questions in a given cause.

It will be seen at a glance that the solicitor's testimony does not fall within any of the exceptions which admit of the propriety of his being a witness in behalf of his client. He should not have testified.

The views above expressed lead to the overruling of the exceptions. The petition will, however, be dismissed, but for the reasons above stated and not those given by the master—unless the petitioner, within fifteen days, applies to open the case for the purpose of taking testimony to prove his cause for divorce.