EUGENE STEVENSON, EDMUND B. LEAMING, VIVIAN M. LEWIS,
JOHN H. BACKES, JOHN GRIFFIN, JOHN E. FOSTER,
MALCOLM G. BUCHANAN AND JAMES F.
FIELDER, VICE-CHANCELLORS.

JOHN H. STEWART, petitioner,

*v.*

MAY H. STEWART, defendant.

[Decided July 20th, 1921.]

1. While a divorce will not be granted upon the uncorroborated testimony or admission of a party to a suit, yet the admission in a plea of guilty to a charge of adultery in a criminal court is made under the

1

sanction of the law and the protection of the judge and cannot be presumed to be procured by the husband's coercion or to have been made through collusion with the other spouse, and, therefore, it is substantive evidence in a divorce suit against the party who made it.

2. A plea of guilty of adultery amounts to a conviction of the defendant making it, as conviction means the confession of the accused in open court or the verdict returned by a jury, which ascertains and publishes the fact of guilt; a judgment denotes the action of the court in which the plea is made or verdict rendered.

3. A plea of guilty to a charge of adultery in a criminal court is, in a suit for divorce based upon the same adultery, substantive evidence against the party pleading it and is sufficient to prove the charge and support a decree of divorce.

4. A mistake in the opinion in *State* v. *Henson, 66 N. J. Law* (at *p. 609*), pointed out.

On final hearing *ex parte* on master's report in divorce.

*Mr. J. Vincent Barnitt,* for the petitioner.

WALKER, CHANCELLOR.

This is a suit for divorce for adultery, the proof of which resides in the plea of guilty to a charge of that offence made in the Passaic county quarter sessions. The defendant, on being arrested, made application to be tried before the court of special sessions, waiving indictment and trial by jury. The prosecutor preferred an allegation of the state against the defendant charging her with adultery, to which, on being arraigned, she pleaded guilty and was sentenced to a term in the women's reformatory. These facts were properly proved by the production of the record, and the question is, Is the plea of guilty of adultery substantive evidence against the party pleading it in a suit for divorce based on that same adultery, and is it sufficient to support a decree? I make no doubt that it is.

In *State* v. *Henson, 66 N. J. Law 601,* Mr. Justice Van Syckel, speaking for the court of errors and appeals, in treating of the effect of a plea of *non vult,* observed (at *p. 609*) that the only difference between that plea and the one of guilty was in the force each had upon a collateral proceeding, citing *Peacock* v. *Hudson Sessions, 46 N. J. Law 112.* And in that case Mr. Justice Reed, speaking for the supreme court (at *p. 113*), ob-

served that the implied confession in a plea of *non vult* is only for the purpose of the prosecution in the course of which it is entered, while the plea of guilty in that form may be used against the defendant in a civil suit, citing *1 Bish. Cr. Pro.* § *802; 1 Whart. Cr. L.* § *533.* Mr. Justice Van Syckel, in the *Henson Case* (at *p. 608*), also says:

"A judgment founded on a plea of guilty, or of *nolo contendere,* is in like manner conclusive in a subsequent criminal prosecution, but in civil suits it is not such an admission of guilt as to be evidence against the party pleading it. *2 Whart. Ev.* § *783."*

The above quotation, in the *Henson Case,* from *2 Whart. Ev.* § *783,* is not literal and contains a mistake. The learned judge, who wrote the opinion in the *Henson Case,* in an evident endeavor to condense the text from Wharton, makes that learned author say that either a plea of guilty or of *non vult* is not such an admission of guilt as to be evidence in a civil suit against the party pleading it. The full text from Wharton shows the reverse of this. What the learned author in fact says there is this:

"A judgment founded on a plea of guilty, or of *nolo contendere,* it has been held, is in like manner conclusive in a subsequent criminal prosecution. In civil suit, however, *nolo contendere* is not such an admission of guilt as to be evidence against the party pleading it. But a plea of guilty may, in a civil suit involving the same subject-matter, be used as an admission. Thus, the plaintiff, in an action for assault, may show by the record a conviction of the defendant for the same assault, he having pleaded guilty."

While it appears that there is a contradiction in terms in the court's opinion in the *Henson Case,* first, an assertion that there is a difference between the plea of guilty and that of *non vult* in a collateral proceeding, citing *Peacock* v. *Hudson Sessions,* which distinctly holds that *non vult* is only for the purpose of the case in which it is entered, while the plea of guilty may be used against the defendant in a civil suit, and second, that the plea of guilty as well as that of *non vult* is not evidence in a civil suit against the defendant, yet an examination of the authority relied on for the seemingly contradictory view secondly expressed in the *Henson Case* (*Whart. Ev.*), and, lastly, above pointed out,

quite conclusively shows that the learned opinion writer and the court never intended to state that a plea of guilty could not be used against the pleader in a collateral proceeding, and that that apparently expressed view was a mistake probably resulting from failure to correct the draft of the opinion before it was filed.

Upon this question I am clearly of opinion that the plea of guilty of a charge of adultery by a defendant in a criminal court is substantive evidence by way of an admission by that defendant.

While it is an inflexible rule in this state that a divorce will not be granted upon the uncorroborated testimony or admission of a party to the suit (*Garrett* v. *Garrett, 86 N. J. Eq. 293; Foster* v. *Foster,* March term, 1921, Court of Errors and Appeals), yet the admission in a plea of guilty made on arraignment for adultery in a criminal court is made under the sanction of the law and the protection of the judge. It cannot be presumed to be procured by the husband's coercion, as in *Summerbell* v. *Summerbell, 37 N. J. Eq. 603,* nor can it be presumed to have been made through collusion with the other spouse; and this is the more apparent when we know that by interposing such a plea the defendant at once puts himself in the situation of being liable to a sentence of fine or imprisonment, or both. And, in the case before me, the woman was actually sentenced and served a term of imprisonment.

Collusion in the law of divorce includes any agreement between the parties as a result of which no defence shall be made to the dissolution of the marriage tie which would not otherwise be dissolved. *Sheehan* v. *Sheehan, 77 N. J. Eq. 411.* I conclude, therefore, that the admission of adultery in the plea of guilty in the criminal court was not the result of coercion or collusion and it is not an admission or confession having no evidential effect, but, on the contrary, is one which is substantially evidential against the defendant who made it.

The plea of guilty made by the defendant amounts to a conviction of the defendant of the adultery charged. Conviction means the confession of the accused in open court or the verdict returned by the jury, which ascertains and publishes the fact of guilt. The judgment or sentence denotes the action of the court in which the plea is made or verdict rendered, declaring the

consequences to the convict of the fact ascertained. *State* v. *Henson, supra* (at *p. 607*).

The judgment in the case of the state against the defendant for adultery would be *res judicata* against the defendant in this cause were the petitioner a party or privy to that case, but he, of course, was not and could not have been. Nor does the doctrine of estoppel by judgment apply; for, while the record of a judgment, as such, may be impeached by no one, whether party to the proceeding in which it was rendered or not, yet, as to the truth of the matter adjudged, it is binding only upon the parties to the record or those in privity with them.

This was an *ex parte* case, the defendant having defaulted in pleading, and there is therefore no denial of the adultery charged against the defendant, and her plea of guilty to that offence in the criminal court sufficiently proves the adultery laid against her in the petition for divorce; and her husband will therefore be awarded a decree *nisi.*