The master reported that the charge of adultery was not proved. The proof of guilt was the record of conviction of the defendant and co-respondent, in the Essex special sessions, on a joint allegation of adultery; the defendant's conviction was after trial; the co-respondent's, on his plea of guilty. They were sentenced to a term in jail.
It is the rule that a conviction in a criminal prosecution is not admissible in evidence in a purely civil action to establish the truth of the facts on which it is rendered, but the reasons for excluding such testimony in the trial of contested issues do not obtain in their full vigor, and, consequently, the rule is relaxed where, in a civil suit, the defendant defaults and, as here, the evidence of the truth of the charge is offered merely to satisfy the conscience of the chancellor that judgment against the defendant, upon his confession, by his default, is justified. The record of conviction is not accepted as res adjudicata, but is admissible as persuasive evidence, and is prima facie
sufficient proof of guilt. Mr. Bishop entertained this view of the rule in his work on Marriage and Divorce and Separation
(section 1406), and in his answer to the query, "Is a verdict in the criminal cause [for adultery] admissible, and with what effect, in the divorce *Page 73 
suit?" He says: "In general, a jury's conclusion or the judgment of the court thereon, in a prosecution in the name of the state, is not competent to a controverted fact in a private suit wherein one of the parties is different. Nor is a verdict or judgment in a civil case admissible in a criminal. But we have seen that while in form there are only two parties to the divorce suit, there are in legal effect three; the government, which in the indictment is plaintiff, consituting the third party. The result is that both the paries to the indictment are parties in the divorce suit. Aside from which view, it cannot fail to aid the conscience of the judge in discharging his duty of protecting the public against divorces for sham offenses, to know that this public has itself indicted and convicted the defendant. And when in the divorce suit the same defendant has suffered himself to be defaulted, so that he cannot complain if judgment is rendered against him without evidence, and only the interests of the public remain to be protected, it would seem upon principle that the record of conviction should be received as alone sufficient." See, also, Bauder's Appeal, 115 Pa. St. 480; Hahn v. Bealor,132 Pa. St. 242; Anderson v. Anderson, 4 Me. 100; Randell v.Randell, 4 Me. 326. Chancellor Walker, in Stewart v.Stewart, 93 N.J. Eq. 1, considered the judgment of a criminal court upon a plea of guilty of adultery as substantive evidence of the charge of adultery and granted a divorce. That case, as authority, is not to be differentiated because the conviction rested on an admission of guilt; the form of the plea, after verdict, is unimportant. The evidential value of a verdict of guilty after a trial and one on a plea of guilty differs only in degree of persuasiveness. It is the record of the conviction which attests the fact of the commission of the crime that is of probative force and influence. "Conviction means the confession of the accused in open court or the verdict rendered by the jury, which ascertains and publishes the fact of guilt." The solemn adjudication of the guilt of the defendant by a tribunal of our judicial system, delegated to try and determine the issue, is sufficient proof of the offense when pleaded as the ground of a decree for divorce. A divorce will be granted. *Page 74