BEATRICE E. RALSTON, Plaintiff, v. ALLEN V. RALSTON, Defendant.

(*March* 17, 1950.)

LAYTON, J, sitting.

*David B. Coxe, Jr.*, for Plaintiff.

Superior Court for New Castle County, No. 965, Civil Action, 1949.

LAYTON, Judge.

■■ Section 3516 of the Revised Code of Delaware 1935, provides in effect that a divorce should not be granted based alone upon an admission of the defendant. The statute was obviously designed to prevent collusion in obtaining divorces. It does not render admissions against interest on the part of a defendant inadmissible, but rather requires that the decree shall not be made unless there is other competent evidence to establish the cause. *Bancroft* v. *Bancroft*, 4 *Boyce* 9, 10, 85 *A*. 561. And it has been long settled that the record in a criminal case reflecting a plea of guilty by the accused is admissible in a subsequent civil action against him arising out of the same offense. *Hendle* v. *Geiler, Del. Super.*, 50 *A*. 632. However, the record of such a conviction is not admiss-

ible as proof of the fact in issue in the civil case but rather the plea of guilty is regarded as having the weight of a solemn admission against interest on the part of the defendant. *Hendle* v. *Geiler, supra.*

The important question for consideration here is whether or not the plea of guilty in the Virginia criminal proceeding, having the force and effect of an admission only, is competent evidence to sustain a decree for adultery in the light of Section 3516 of the Revised Code. I am of the opinion that it is. In this connection *Stewart* v. *Stewart*, 93 *N. J. Eq.* 1, 114 *A.* 851, 852, is a case flatly in point. There it was said: "Upon this question I am clearly of the opinion that the plea of guilty of a charge of adultery by a defendant in a criminal court is substantive evidence by way of an admission by that defendant. While it is an inflexible rule in this state that a divorce will not be granted upon the uncorroborated testimony or admission of a party to the suit (*Garrett* v. *Garrett*, 86 *N. J. Eq.* 293, 98 *A.* 848; *Foster* v. *Foster*, 93 *N. J. Eq.* 182, 114 *A.* 33, *March term* 1921, *Court of Errors and Appeals*), yet the admission in a plea of guilty, made on arraignment for adultery in a criminal court, is made under the sanction of the law and the protection of the judge. It cannot be presumed to be procured by the husband's coercion, as in *Summerbell* v. *Summerbell*, 37 *N. J. Eq.* 603, nor can it be presumed to have been made through collusion with the other spouse; and this is the more apparent when we know that by interposing such a plea the defendant at once puts himself in the situation of being liable to a sentence of fine or imprisonment, or both."

I conclude that the plea of guilty represents affirmative evidence of adultery and, though only an admission, is of such weight and solemnity as to fall without the prohibition of Section 3516 of the Revised Code.

A decree nisi will be entered.