MARGARET L. FRAZIER, Plaintiff, v. JAMES B. FRAZIER, Defendant.

(*October* 23, 1952.)

LAYTON, J., sitting.

*David B. Coxe, Jr.*, Attorney for Plaintiff.

Superior Court for New Castle County, No. 715, Civil Action, 1952.

LAYTON, J.:

Mrs. Frazier, the petitioner, testified that she became suspicious of her husband's fidelity because of the following facts: That anonymous telephone calls warned her of defendant's conduct with the co-respondent; that he stayed away from home frequently at night; that on one occasion he borrowed her camera saying that he was going fishing with a party of men but apparently spent the day with co-respondent for she found an undeveloped film (which she later had developed) of defendant and co-respondent together on a beach.

As a result of these occurrences, Mrs. Frazier testified that she demanded an explanation from her husband who admitted an act of infidelity with the co-respondent on June 25, 1952. Petitioner at once left her husband's home. The defendant was then called to the stand and after being warned of his constitutional right against self-incrimination and with an added admonishment from the Court that an admission on his part of infidelity was a crime for which he was liable to prosecution, admitted the act of adultery. Further testimony indicated that defendant was seen in bars in company with co-respondent on several occasions and over one weekend was observed two or three times in her company on the beach at Wildwood, New Jersey.

Section 3516 of the *Revised Code of Delaware,* 1935, provides, in effect, that no decree for divorce shall be granted on the admission of one of the parties alone. Petitioner's first point is that defendant's voluntary appearance in Court and admission under oath of infidelity, prefaced by my warning as to his liability to prosecution if he admitted acts of adultery, created an atmosphere of such solemnity as to take it without the prohibition of the Statute. In this connection, *Ralston v. Ralston, 6 Terry* 305, 72 *A.* 2d 441, 442, is cited. In that case, I said *inter alia*:

"The important question for consideration here is whether or not the plea of guilty in the Virginia criminal proceeding, having the force and effect of an admission only, is competent evidence to sustain a decree for adultery in the light of Section 3516 of the *Revised Code.* I am of the opinion that it is. In this connection *Stewart v. Stewart,* 93 *N. J. Eq.* 1, 114 *A.* 851, 852, is a case flatly in point. There it was said: 'Upon this question I am clearly of the opinion that the plea of guilty of a charge of adultery by a defendant in a criminal court is substantive evidence by way of an admission by that defendant. While it is an inflexible rule in this state that a divorce will not be granted upon the uncorroborated testimony or admission of a party to the suit (*Garrett v. Garrett,* 86 *N. J. Eq.* 293, 98 *A.* 848; *Foster v. Foster,* 93 *N. J. Eq.* 182, 114 *A.* 333, March Term 1921, Court of Errors and Appeals), yet the admission in a plea of guilty, made on arraignment for adultery in a criminal court, is made under the sanction of the law and the protection of the judge. It cannot be presumed to be procured by the husband's coercion, as in *Summerbell v. Summerbell,* 37 *N. J. Eq.* 603, nor can it be presumed to have been made through collusion with the other spouse; and this is the more apparent when we know that by interposing such a plea the defendant at once puts himself in the situation of being liable to a sentence of fine or imprisonment, or both.'

"I conclude that the plea of guilty represents affirmative evidence of adultery and, though only an admission, is of such weight and solemnity as to fall without the prohibition of Section 3516 of the *Revised Code.*"

While, at first glance, there appears to be some merit to petitioner's argument yet I am not persuaded to accept it for these reasons. In the *Ralston* case, the wife herself was the prosecuting witness in the criminal action, or at least was responsible for the prosecution, which completely nullifies any possible hint of collusion and, secondly, there is a substantial difference between the plea of guilty in that case where criminal punishment

would almost inevitably follow, and the admission here where such a result would hinge on other factors. For these reasons, I am not disposed to graft yet another exception onto the Statute.

Nevertheless, petitioner insists that the confession of guilt coupled with the other evidence presented carries sufficient weight to justify a decree. *Nelson on Divorce*, Vol. 1, Sec. 5.12, p. 190 states the rule to be:

> "Admissions of the spouse charged, however, together with proof of corroborating circumstances, may well be sufficient [to sustain a decree]."

See *Bancroft v. Bancroft*, 4 *Boyce* 9, 85 *A*. 561.

But the rule is more easily stated than applied and the facts of each case must necessarily control the decision. It is my feeling that such corroborating facts, while falling somewhat short of actual proof of adultery itself, must necessarily be of such character, even though circumstantial, that taken in connection with the admission, leave a cautious mind in little doubt that the adultery has been committed.

But the evidence here falls something short of this test. Upon examination it arouses suspicion but not reasonable certainty. It appears that all the meetings between defendant and co-respondent were in public places such as tap rooms and bathing beaches. As far as the weekend in Wildwood is concerned, there is no proof that co-respondent was not there on some perfectly normal occasion such as visiting her family, relatives or friends.

All this demonstrates that defendant may have had a strong attachment for co-respondent and was guilty of a breach of propriety but, while it might create a strong suspicion of misconduct, it does not establish it to a reasonable certainty.

Without in any sense challenging the sincerity of plaintiff in this proceeding, it is apparent to me that if a decree were entered on evidence such as this, the door would be left wide

open to the very form of collusion which the Statute seeks to prevent.

· The decree is denied.