ELEANOR BOYD and ADELAIDE REED, Plaintiffs Below, Appellants, v. WILLIAM DORSEY HAMMOND, guardian *ad litem* for Walter Dorsey Hammond, a minor child, *et al.*, Defendant Below, Appellee, v. ELIZABETH LOUDANCE, Third Party Defendant.

(*January* 9, 1963.)

SOUTHERLAND, C. J., and WOLCOTT and TERRY, J. J., sitting.

*Howard M. Berg* for appellants.

*Joseph H. Geoghegan* (of Berl, Potter and Anderson) for appellee.

*Julian D. Winslow* for third party defendant.

Supreme Court of the State of Delaware, No. 53, 1962.

WOLCOTT, J.:

This is an appeal by the plaintiff below from an adverse judgment entered on a jury's verdict. The action is one for personal injuries arising out of an automobile accident which took place at a crossroads in a small country village.

The plaintiffs are the grandmother and mother respectively of the driver of the car in which they were riding on the back seat. This car was proceeding southerly on Route 33 approaching the intersection in question. At the intersection Route 33 is controlled by a stop sign. The defendant was proceeding westerly on Route 31 which is not controlled by a stop sign at the intersection. His car was proceeding at the time at a speed in excess of the permissible speed limit of 25 mph, the area being a residential district.

The driver of the car in which the plaintiffs were riding was at the time operating under a Pennsylvania learner's

permit, and had had only a brief period of driver training. After the accident she pleaded guilty to a charge of violating the stop sign statute.

Prior to trial the defendant made the driver of the plaintiffs' automobile a third party defendant seeking contribution as a joint tortfeasor. At the conclusion of the testimony a directed verdict was ordered in favor of the third party defendant on the ground that there was no proof of "wilful or wanton disregard of the rights of others" by her within the meaning of the Guest Statute, 21 *Del. C.* § 6101.

The appellants make a number of assignments of error. We will take them up *seriatim.*

First, it is argued that error was committed in instructing the jury to the effect that if the negligence of the driver of the car in which the plaintiffs were riding in going through the stop sign was found to be the sole proximate cause of the accident, a verdict must be returned for the defendant.

The appellants' argument is that since a verdict had been directed in favor of the driver, the third party defendant, her negligence thereafter was no longer an issue in the case. Therefore, it is argued, any instruction upon that issue served only to confuse the jury.

However, the verdict in favor of the third party defendant was directed because there was insufficient evidence to remove the bar of the Guest Statute as to her. There still remained in the case the issue of the proximate cause of the plaintiffs' injuries. If the sole proximate cause of those injuries was the negligence of the third party defendant, then the defendant—even if negligent—could not be held responsible. Since the issue of proximate cause is ordinarily a question of fact to be submitted under proper instructions for the decision of the jury, *Island Express, Inc. v. Frederick*, 5 W. W. Harr. 569, 171 A. 181, it was not only proper but necessary for the court to instruct the jury upon it.

We have examined the charge and note that on several occasions the court clearly and correctly pointed out to the jury that to exonerate the defendant because of the negligence of the driver of the plaintiffs' car, the jury must find that negligence to have been the sole and exclusive proximate cause of the plaintiffs' injuries. Far from confusing the jury, we think, the court's charge in this respect was clear and unambiguous. There is no error in this respect.

Next, it is argued that there was error in the instructions given on the issue of contributory negligence. It is argued that the instruction was ambiguous and permitted the jury to conclude that the negligence of the driver could be imputed to the passengers in the car, which is not the law.

The trial judge, however, instructed the jury specifically that the negligence of the driver could not be imputed to the plaintiff passengers. He then went on to instruct the jury that passengers nevertheless have a duty not to ride with an inexperienced driver, *Restatement of Torts*, § 466, and also a duty to maintain a lookout and to give appropriate warning when danger threatens. *Poynter v. Townsend*, 3 W. W. Harr. 51, 130 A. 678. The jury was further instructed that violation of these duties is negligence, and if a contributing cause to the accident would bar recovery by the plaintiffs. There was sufficient evidence offered during the trial to warrant the giving of these instructions.

While the appellants claim the instruction upon the point to have been confusing and ambiguous, we think the contrary to be the fact. There is no error in this respect.

Next, it is argued that error was committed by the admission into evidence of the transcript of the plea of guilty made by the third party defendant to a charge of going through a stop sign, 21 *Del. C.* § 4143(b). The argument is that the only issue relating to the third party defendant was whether or not her misconduct was "wanton and willfull",

thus taking her out of the protection of the Guest Statute, and that her plea of guilty, since it is admissible solely as an admission against interest, was not such an admission. Appellants further complain that the jury was not instructed that it was admitted solely as an admission and was binding on the third party defendant alone.

A plea of guilty to a charge of negligence in a prosecution for violation of the Motor Vehicle Laws is admissible in evidence as an admission against interest, *Ralston v. Ralston*, 6 Terry 305, 72 A. 2d 441, and once admitted the proper inferences to be drawn from it are a matter for the decision of the jury, *Asmuth v. Kemper*, 4 Storey 168, 174 A. 2d 820. The record of the plea was thus properly admissible as an admission of the third party defendant who, at the time, was still a party to the lawsuit.

Appellants' complaint that the jury should have been instructed that it was binding only on the third party defendant comes too late in this court for the reason that no objection was made to the charge as given, and no request was made for the court to instruct the jury with regard to the proper inferences to be drawn from the admission. There is no error in this respect.

Next, appellants argue that it was error for defendant's counsel to ask a State Police officer if any charges had been placed against the defendant as a result of the accident. The question was never answered since the objection of counsel for the plaintiffs was sustained. We think that no charge of perjudicial error can be based upon the mere asking of an improper question of this nature.

Next, appellants base an argument that somehow error occurred by reason of a colloquy between counsel on both sides, the court, and the police officer in which the word "right" was used with apparently different meanings. We have difficulty in following the argument, but in any event

we think that, even if error occurred, it could by no possibility be considered as prejudicial.

Next, appellants argue that error occurred when the police officer testified that the speed limit governing the defendant's car was 50 mph, he having admitted going 45 mph, when in fact the appropriate speed limit was 25 mph. There was thus created a possible false premise for the consideration of the jury, but it was clarified subsequently by the charge of the court which clearly and explicitly stated the correct speed limit, and that by reason of his admitted speed at the time, the defendant as a matter of law was guilty of negligence. There is no error in this respect.

Finally, appellants argue that error was committed by remarks made by defendant's counsel that the police officer called at the trial by plaintiffs as their witness was present in the courtroom by reason of a subpoena obtained by defendant's counsel. The court ordered the remark stricken but did not specifically caution the jury to disregard it.

We have difficulty in seeing just how prejudice to the plaintiffs could have resulted from this remark, but in any event the point, for what it is worth, is raised here for the first time. This is not to be permitted.

The judgment below is affirmed.