586 A.2d 353

STATE OF NEW JERSEY, PLAINTIFF, v. ANTHONY T.
CONTE, DEFENDANT.

Superior Court of New Jersey
Law Division (Criminal)
Middlesex County

Decided November 7, 1990.

*Manuel B. Sameiro, Jr.* for plaintiff (*Alan A. Rockoff,* Middlesex County Prosecutor, attorney).

*Wayne J. Menz,* for defendant (*Menz & Luxenberg,* attorneys).

LONGHI, J.S.C.

This is an appeal from the imposition of an enhanced penalty following a guilty plea in municipal court to driving a vehicle while on the suspended or revoked list. The issue to be resolved is whether prior administrative suspensions of a person's driving privilege by the Division of Motor Vehicles (DMV) are convictions under *N.J.S.A.* 39:3–40.

On March 7, 1988, defendant was not privileged to operate a motor vehicle in the State of New Jersey because his driving privileges had been suspended by order of the Director of the DMV for having operated his vehicle while on the revoked list. Nevertheless, on March 7, 1988, defendant drove a vehicle in Piscataway, New Jersey. He was caught and charged with driving on the suspended or revoked list in violation of *N.J.S.A.* 39:3–40. He plead guilty to the charge in the Piscataway Municipal Court on June 11, 1990.

At the time of sentencing the judge had available a certified copy of defendant's driving history. The DMV record disclosed that defendant's license had previously been administratively suspended on two separate occasions by the DMV for operating a motor vehicle during a period of driving privilege suspension. The orders of suspension issued by the DMV were accomplished administratively pursuant to *N.J.S.A.* 39:5–30 and *N.J.A.C.* 13:19–10.8.

The judge took the position that the two DMV suspensions equated to prior convictions and therefore sentenced defendant, for the March 7, 1988 violation, as a third-time offender under *N.J.S.A.* 39:3:40.

*N.J.S.A.* 39:3–40 in pertinent part provides:

A person violating this section shall be subject to the following penalties:

a. Upon conviction for a first offense, a fine of $500.00;

b. Upon conviction for a second offense, a fine of $750.00 and imprisonment in the county jail for not more than five days;

c. Upon conviction for a third offense, a fine of $1,000.00 and imprisonment in the county jail for 10 days;

d. Upon conviction, the Court shall impose or extend a period of suspension not to exceed six months....

The word conviction is not defined in the statute. *Black's Law Dictionary* defines conviction as "[t]he final judgment in a verdict or finding of guilty, a plea of guilty...." *Black's Law Dictionary* (6 ed. 1990) at 333. *N.J.S.A.* 2C:44–4(a) defines "prior conviction of an offense" as "[a]n adjudication *by a court* of competent jurisdiction that the defendant committed an offense constitutes a prior conviction." Emphasis supplied. Conviction has also been defined as "the confession of the accused *in open court* or the verdict returned by the jury which ascertains and publishes the fact of guilt." *Tucker v. Tucker*, 101 *N.J.Eq.* 72, 73, 137 *A.* 404 (Ch.1927).

The motor vehicle statute, *N.J.S.A.* 39:3–40, is *quasi*-criminal and penal in nature and must be strictly construed against the State. *State v. Churchdale–Leasing Inc.*, 115 *N.J.* 83, 102, 557 *A.*2d 277 (1989). The word conviction, as it is used in *N.J.S.A.* 39:3–40, refers only to a plea or a finding of guilty in a court of competent jurisdiction and not an order of suspension entered by the DMV as the result of an administrative proceeding. The two prior suspensions are not convictions and defendant must be viewed as a first offender under the statute.

The sentence imposed is reversed and the matter is remanded to the Piscataway Municipal Court for sentencing in accordance with *N.J.S.A.* 39:3–40(a) and (d).