Andrew COE, A minor, by Dwight L. Coe, his next friend, Plaintiff-Below, Appellant,

v.

David SCHNEIDER, and Calvin E. Powell, Defendants-Below, Appellees.

Supreme Court of Delaware.

Submitted Oct. 15, 1980.

Decided Nov. 25, 1980.

John Merwin Bader (argued) of Bader, Dorsey & Kreshtool, Wilmington, for plaintiff-below, appellant.

Wayne N. Elliott (argued) of Prickett, Jones, Elliott & Kristol, Wilmington, for defendant-below, appellee, Schneider.

Stephen P. Casarino (argued) of Tybout, Redfearn, Casarino & Pell, Wilmington, for defendant-below, appellee, Powell.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

This appeal is from a final judgment of the Superior Court entered upon a jury verdict for defendants. The suit involves partial paralysis resulting from a pony kicking the three year old plaintiff while trespassing on defendant's land.[1]

Plaintiff asserts as error the Trial Judge's failure to direct certain requested questions to the jury panel on *voir dire,* and the Trial Judge's refusal to give a cautionary instruction to the jury that no act or

---

1. This action was grounded upon the Restatement of Torts (2d) § 339. We approved the rule stated therein in *Schorah v. Carey,* Del. Supr., 331 A.2d 383 (1975), and do so again.

Neither that case nor this involves the Guest Premises Statute (25 *Del.C.* § 1501). See also *Pietuszka and Gallucio Builders, Inc. v. McTaggart,* Del.Supr., 333 A.2d 164 (1975).

omission on the part of either parent of plaintiff was material to the case plus an additional instruction to counsel that oral arguments to the jury were to be governed accordingly.

We find no abuse of discretion in the Trial Judge's failure to ask the requested *voir dire* questions relating to prospective jurors' connections with casualty insurance companies. *Chavin v. Cope*, Del.Supr., 243 A.2d 694 (1968). But we do find an abuse of discretion and reversible error in the Trial Judge's refusal to give the requested cautionary instructions to the jury and defense counsel.

The pertinent facts of this case are set forth in detail in this Court's prior opinion in which we held that a parent who negligently supervises his unemancipated child cannot be held liable in a third party contribution action for the resulting injury to his child. *Schneider v. Coe*, Del.Supr., 405 A.2d 682 (1979). Analogizing, plaintiff claims that because he could not sue his parents by reason of parental immunity and they could not be third-partied for contribution, parental negligence is necessarily irrelevant in this case which is grounded upon Restatement of Torts (2nd) § 339.[2] On the other hand, defendants argue that the lack of proper parental supervision is relevant to the issues of proximate cause and foreseeability of the risk of trespassing children. Relying upon the Trial Judge's refusal to instruct counsel for defendants not to comment upon the issue of parental conduct before the jury, counsel for both defendants interjected lack of parental supervision in their closing arguments to the jury.[3]

Given Delaware's adherence to the rule of Restatement (2d) § 339, under the facts of this case, parental supervision is immaterial to the question of the defendants' liability. Liability under § 339 is predicated upon an artificial condition upon land where the possessor knows or has reason to know that children are likely to trespass, and which the possessor realizes or should realize will involve an unreasonable risk of death or serious bodily harm to trespassing children who do not discover or realize the risk. Additionally, the utility to the possessor of maintaining the risk and the burden of eliminating the danger must be slight as compared with the risk to children, and the possessor must fail to exercise reasonable care to eliminate the danger or otherwise protect the children. Notably, § 339 and the official comments thereto do not make the possessor's liability contingent upon a showing that the child's trespass was not due to parental negligence in failing to properly supervise the child. Therefore, the Trial Judge erred in failing to caution counsel not to interject lack of parental supervision in their arguments to the jury and in thereafter failing to attempt curative measures by means of the requested cautionary instruction. It is impossible for this Court to determine what effect defense counsel's irrelevant arguments regarding lack of parental supervision may have had on the jurors' deliberations. However, given the strong emphasis which defense counsel placed on this argument, we may assume that the effect on the jury

2. Section 339 provides:
   Artificial Conditions Highly Dangerous to Trespassing Children
   A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial *condition* upon the land if
   (a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and
   (b) *the condition is one of which the pos*sessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

   (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and
   (d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and
   (e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

3. See trial transcript at C–41, C–44, C–47, C–51.

was not insubstantial.[4] Therefore, we must reverse and remand this case for a new trial.

REVERSED AND REMANDED for further proceedings consistent with this opinion.

---

4. We also particularly refer to Mr. Elliott's following remarks in closing before the jury in which he improperly alluded to personal concerns regarding the supervision of his own children and asserted his personal opinion generally as to parental responsibilities in the supervision of children. See Delaware Lawyer's Code of Professional Responsibility, DR 7–106(C)(3) and (4).

"Mr. Elliott: * * * * Well, I wouldn't want an unsupervised three year old around a horse, a cow, on a road, on a playground, in a parking lot, in the woods, near a stream. I don't want an unsupervised three year old anywhere.

"Now, this case is somewhat eerie for me because I have a son who just turned four. I have a daughter two years old. As a matter of fact, they were—"

At this point, plaintiff's counsel interrupted and requested a side bar conference which was held off the record. The Trial Judge then permitted defense counsel to continue:

"Mr. Elliott: As I said, I have children. Dan just turned four and Jennifer turned six. As a matter of fact, Dan was born after I've [sic]

been handling this case. So this case has been very much on my mind.

"My experience has been, I'm sure the experience of many of you, anybody who has had small children—mine is obviously not unique. I mean, you bring your own experience to bear. That is why we have the jury system.

"Anybody who has had small children knows that you don't leave unsupervised three-year olds, toddlers anywhere. I mean, being a parent is a tremendous responsibility. The law leaves it with the parents. The parent has an obligation to diligently—it's almost an inhuman job, really, watching out for a three-year old. But it's a parent's responsibility."

Trial Transcript at C–41 to C–42.

Thus, the error in allowing defense counsel to inject irrelevant arguments concerning parental negligence was significantly compounded by also permitting him to place his personal opinions (based on his own experiences, not in evidence in the case) as to the justness of the plaintiff's claim before the jury.