Jerome **HOCHBERG** and Cynthia Hoch-
berg, Plaintiffs Below, Appellants,

v.

George A. **KEISER**, Defendant
Below, Appellee.

Supreme Court of Delaware.

Submitted May 13, 1982.

Decided June 21, 1982.

Louis J. Finger (argued) and Neil B. Glassman of Richards, Layton & Finger, Wilmington, for plaintiffs-appellants.

Richard Galperin (argued) of Flanzer & Isaacs, Wilmington, for defendant-appellee.

Before McNEILLY, QUILLEN and HORSEY, JJ.

PER CURIAM:

On March 11, 1975, an automobile driven by the plaintiff husband [herein plaintiff] was struck in the rear by an automobile driven by the defendant. Both were proceeding in a generally northerly direction in the right-hand lane of Route 141 approaching the intersection of Rockland Road.

The accident occurred in daylight on a clear day on a dry paved road adjacent to the property of the Alfred I. duPont Institute. Vision for both drivers was unimpeded to the intersection with Rockland Road. On the right of both drivers was an eight foot high wall which joined at the intersection with a similar eight foot high wall extending to the right along Rockland Road. The wall formed a barrier to the vision of both drivers so that a vehicle proceeding on Rockland Road could not be seen by either driver so long as it was totally to the right of the intersection of the two walls. But a vehicle proceeding along Rockland Road in the direction of Route 141 would become immediately visible as it passed the corner of the wall. The intersec-

tion was controlled by overhead traffic lights, one in each of the northbound lanes for Route 141. During all relevant times, the light was green for northbound Route 141 traffic.

At the time of the accident a police car was traveling westbound on Rockland Road, a one-way road east at the time, on an emergency call with emergency flashers and siren going. As the car emerged from behind the wall, the plaintiff skidded to a stop. The defendant's car began to skid and in "a matter of seconds" defendant's car struck plaintiff's car.

Defendant testified that he did not see the police car until after the collision, that plaintiff's car stopped very suddenly, that he did not see plaintiff's brake lights light up, that he did not see plaintiff's car slowing down, and that, when he first saw himself closing in on plaintiff's car, plaintiff's car was already stopped.

Following a general verdict for the defendant, the plaintiff renewed his application for judgment as a matter of law on the issues of negligence and contributory negligence and for a new trial on damages. Alternatively, the plaintiff sought a new trial on all issues. The motion was denied and the plaintiff brings this appeal.

█While the liability issues are close and are raised as a matter of law, we will not from our appellate perch disagree generally with the decision of the Trial Judge that such issues should have been submitted to the jury. The Trial Judge said "the jury could have decided in favor of the Defendant on one of a number of different factual or legal theories, absence of negligence, emergency doctrine, unavoidable accident or contributory negligence". We do, however, have difficulty with contributory negligence as an issue for the jury.

█ But, even assuming contributory negligence was properly in the case, we disagree with the adequacy of the submission of the issue of contributory negligence. A defendant must plead specifically and prove his allegations of contributory negligence. Superior Court Civil Rule 9(b); *Queen Anne's R. Co. v. Reed*, Del.Supr., 59 A. 860, 862 (1905). Four specific allegations of contributory negligence were in fact alleged.* But none of the specific allegations were set forth by the plaintiff in his prayers and none were charged and indeed, for at least three of the allegations, that appears to us to be proper under the evidence. In any event, all four were abandoned. Instead, the Court instructed the jury as follows:

> "If you find that the plaintiff failed to maintain and keep a reasonable and proper lookout, or failed to make reasonable and proper uses of his senses and his faculties, or failed to take the necessary and proper precautions to observe the conditions then and there existing, or failed to be watchful of his surroundings, or failed to use reasonable care for his own safety commensurate with the existing circumstances and conditions, or failed to act reasonably when confronted with an emergency situation was one of the proximate causes of the collision, it constitutes contributory negligence, and plaintiffs cannot recover."

█ It seems to us that the rear-ended plaintiff, who had been confronted with an emergency vehicle coming down a blind perpendicular road the wrong way and against a red light, was entitled to a more specific charge of negligent conduct than the general instruction he got. The charge in effect charged lookout three times and it is hard to see what evidence supports a failure on plaintiff's part to maintain a

---

* "6. Defendant alleges that the said Jerome Hochberg was negligent in that he:

(a) stopped his vehicle on a highway without giving any prior signal to traffic proceeding behind him indicating his intention to stop;

(b) stopped on a public highway suddenly in violation of the provisions of Title 21 Del.C. § 4178(a);

(c) stopped his vehicle on a highway outside of a business district or residential district on the main travel portion of the highway when there was no reason for doing so; and

(d) violated the provisions of Title 21 Del.C. § 4179(15) in that he stopped his vehicle on a highway so as to obstruct the free passage of other traffic."

proper lookout or how failure to maintain a proper lookout by the plaintiff caused this accident. We recognize the Court also instructed on the statutory duty to yield to emergency vehicles [21 *Del.C.* § 4106, § 4134(a)]. But the plaintiff did yield. He did not hit the emergency vehicle. He was rear-ended by the defendant.

Indeed, it is difficult to pinpoint what the plaintiff should have done that he did not do. Given the circumstances, the only plausible possibility presented at the oral argument before us was that the plaintiff could have safely slowed down and stopped more gradually. Whether that was a reasonable possibility or not is difficult to determine from this record as it was not the focus of the instructions or the evidence.

In short, assuming contributory negligence should be charged at all, this is a case which cannot be fairly given to the jury on an instruction on contributory negligence which is general in nature and not related to the facts of this case. *Beck v. Haley*, Del.Supr., 239 A.2d 699, 702 (1968).

In light of the above discussion, we are satisfied that the judgment of the Superior Court must be reversed and the case remanded for a new trial. The Superior Court can require specific allegations and determine whether a charge on contributory negligence is appropriate. We decline to consider any question related to damages at this time.

The judgment of the Superior Court is reversed and the case is remanded for a new trial.