**William S. EUSTICE, Plaintiff Below, Appellant,**

v.

**Jay S. RUPERT, III, Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted: Feb. 25, 1983.

Decided: April 13, 1983.

Barry M. Willoughby (argued) and Arthur Inden of Young, Conaway, Stargatt & Taylor, Wilmington, for appellant.

Wayne N. Elliott (argued) of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for appellee.

Before HERRMANN, C.J., McNEILLY and HORSEY, JJ.

HORSEY, Justice:

The principal focus of this appeal of a personal injury tort claim is the sufficiency of the evidence of wanton conduct in the operation of a motor vehicle within the meaning of 21 *Del.C.* § 6101(a).[1] Plaintiff, William S. Eustice, injured while a passenger-guest of defendant, Jay S. Rupert, III, appeals following a jury verdict and judgment for defendant. Eustice asserts three claims of reversible error by Superior Court, all of which relate to the record evidence of defendant Rupert's allegedly wanton conduct: (1) the Court's denial of plaintiff's motion for a directed verdict at close of evidence; (2) the Court's denial of plaintiff's motion for a judgment notwithstanding the verdict; and (3) the Court's denial of plaintiff's motions for a new trial.

Our standard of review of plaintiff's motion for a directed verdict and plaintiff's motion for judgment notwithstanding the verdict is as stated in *Haveg Corporation v. Guyer*, Del.Supr., 226 A.2d 231 (1967), namely:

> ... to examine the record to determine whether or not there was evidence which required that the issue of [wanton conduct] should have been submitted to the jury for decision. In so doing, we must of course do so in the light most favorable to [defendant]. *Chrysler Corp. v. Quimby*, 1 Storey 264, 144 A.2d 123. Furthermore, by reason of Art. IV, § 11 of the Constitution, Del.C.Ann., we are required to uphold the finding of a jury if it is supported by evidence.

226 A.2d at 233.

## I

The pertinent facts, together with all reasonable inferences therefrom, stated in a

---

1. 21 *Del.C.* § 6101(a) provides:

No person transported by the owner or operator of a motor vehicle, boat, airplane or other vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident was intentional on the part of such owner or operator or was caused by his wilful or wanton disregard of the rights of others.

light most favorable to defendant, the non-moving party, are: The parties had spent the evening of the accident socializing with friends and having a number of drinks in two local bars. After the last bar closed at 1:00 a.m., Rupert "cowboyed" his sports car out of a parking lot and intentionally drove in the wrong direction on a deserted one-way street a distance of one block. Rupert then attempted briefly to out-run a pursuing police officer for approximately one more block. He then extinguished his headlights while attempting a left turn, went through a stop sign, skidded, and crashed into a tree at about 25 miles per hour. Rupert testified that when the crash occurred, he had given up the chase and was attempting to pull over and stop. The police officer could not state whether Rupert at any time drove in excess of the posted speed limit of 25 miles per hour. However, Rupert gave all appearances of being intoxicated and a breathalyzer test indicated that Rupert's blood alcohol reading was 0.13 in contrast with a legal limit of 0.10. Rupert later pled guilty to a charge of reckless driving, in violation of 21 *Del.C.* § 4175(a).[2]

## II

■ The question of wanton conduct (as with a question of negligence) is ordinarily one for the trier of fact. Only where the facts permit reasonable persons to draw but one inference—adverse to the non-moving party—is a moving party entitled to a finding and judgment as a matter of law. *Johnson v. Hockessin Tractor, Inc.,* Del. Supr., 420 A.2d 154 (1980); *Storey v. Castner,* Del.Supr., 314 A.2d 187 (1973). Stated another way, in ruling on plaintiff's motion for a directed verdict as to wantonness at close of evidence, the trial judge was required "to determine whether or not under any reasonable view of the evidence the

jury could justifiably find in favor of the [defendant Rupert] and against the [plaintiff Eustice]. If such is the case, then [the trial judge] must submit the factual issues to the jury for its determination." *Ebersole v. Lowengrub,* Del.Supr., 208 A.2d 495, 498 (1965).

■ For defendant's conduct to be found to be in "wilful or wanton disregard of the rights of" plaintiff, his conduct must "reflect the 'conscious indifference' or 'I-don't-care' attitude which is the prerequisite of wanton behavior." *Foster v. Shropshire,* Del.Supr., 375 A.2d 458, 461 (1977); *see also McHugh v. Brown,* Del.Supr., 125 A.2d 583 (1956). In *Law v. Gallegher,* Del.Supr., 197 A. 479 (1938), we stated:

Wanton conduct, resulting in injury to another, therefore, may be said to be conduct as exhibits a conscious indifference to consequences in circumstances where probability of harm to another within the circumference of the conduct is reasonably apparent, although harm to such other is not intended.

197 A. at 482.

Plaintiff Eustice does not contend that the accident causing his injuries was either intentional or caused by Rupert's wilful disregard of the rights of others. Plaintiff only contends that, "the undisputed facts establish that the defendant is guilty of wanton conduct as a matter of law."

■ Superior Court was correct in concluding that there was substantial evidence from which a rational trier of fact could find defendant Rupert not guilty of "wanton disregard of the rights of others" under 21 *Del.C.* § 6101(a).[3] The evidence supporting such a finding includes the following: that Rupert drove within the speed limit down a one-way street which was then devoid of traffic; that Rupert made only a

---

**2.** 21 *Del.C.* § 4175(a) provides:

No person shall drive any vehicle in wilful or wanton disregard for the safety of persons or property, and this offense shall be known as reckless driving.

**3.** The Trial Court properly analyzed its task as not to *weigh* the evidence but "simply decide whether there is enough evidence on behalf of the defense to justify the refusing of the granting of a directed verdict on the wilful and wanton charge. . . ."

brief attempt to out-run the police car following him and did not apparently exceed the posted speed limit at any time; that Rupert's extinguishment of his headlights was accidental (not intentional as other evidence suggested); that Rupert had aborted his flight from the police and was attempting to pull over and stop when he lost control of his car and hit a tree. While Rupert pled guilty to "reckless driving", he denied driving his car in a wanton manner.

Although the evidence presents a close question, a reasonable person could find that Rupert's conduct did not rise to the level of wantonness, as the jury found. Thus, wantonness was a question of fact for the jury to decide, and the Trial Court properly denied both plaintiff's motion for a directed verdict and his motion for a judgment notwithstanding the verdict. *Hochberg v. Keiser,* Del.Supr., 447 A.2d 425, 426 (1982); *Wilson v. Tweed,* Del.Supr., 209 A.2d 899 (1965).[4]

### III

■ The standard of review of the trial court's denial of plaintiff's motion for a new trial is even more stringent since the granting of a new trial is in the discretion of the trial judge. Our standard of review is abuse of discretion. *Tyndall v. Tyndall,* Del.Supr., 214 A.2d 124 (1965); *Peters v. Gelb,* Del.Supr., 314 A.2d 901 (1973); *Massey-Ferguson, Inc. v. Wells,* Del.Supr., 383 A.2d 640 (1978); *Storey v. Camper,* Del. Supr., 401 A.2d 458 (1979).

Plaintiff's arguments for new trial are grounded in alleged abuse of discretion or legal error by the Trial Court. Plaintiff claims reversible error in:

(1) The Court's failure to order a new trial based upon the weight of the evidence;

(2) The Court's failure to order new trial as a result of defense counsel's misstatements of law in summation;

4. In *Hochberg v. Keiser,* Del.Supr., 447 A.2d 425, 426 (1982), this Court, in rejecting plaintiff's motion for judgment NOV, stated:

"While the liability issues are close and are raised as a matter of law, we will not from

(3) The Court's failure to instruct the jury that a finding of intentional violation by defendant of one or more motor vehicle statutes would establish wanton conduct as a matter of law; and

(4) The Court's appearance of bias against plaintiff's counsel by its remarks before the jury.

We address plaintiff's arguments *seriatim.*

### Argument (1)

■ A motion for a new trial based on the weight of the evidence is granted only when the verdict is manifestly and palpably against the weight of that evidence. *Storey v. Camper, supra.* We find no abuse of discretion in the Trial Court's denial of plaintiff's motion for new trial, for the reasons stated in Part II for rejecting plaintiff's motion for a directed verdict.

### Arguments (2) and (4)

Our standard of review of the Court's refusal to grant a new trial on grounds (2) and (4) is abuse of discretion; but we must also find in such conduct significant prejudice so as to deny plaintiff a fair trial. *Norlin Music, Inc. v. Keyboard "88" Inc., of Warwick,* R.I.Supr., 425 A.2d 74 (1981); *see also Coe v. Schneider,* Del.Supr., 424 A.2d 1 (1980); *Boyd v. Hammond,* Del.Supr., 187 A.2d 413 (1963).

■ Plaintiff's "misstatement of the law" argument (2) is premised on defendant's jury statements that wanton conduct would require a finding: that his client made a "conscious decision" to create an unreasonable risk; that he "consciously injured" plaintiff; or that defendant exhibited "conscious" indifference or disregard for plaintiff's safety. The argument is strained and unconvincing, for several reasons.

our appellate perch disagree generally with the decision of the Trial Judge that such issues should have been submitted to the jury."

*One,* our definition of wilful or wanton conduct includes as an essential element a "conscious indifference" to consequences (*see* II above). *Two,* plaintiff failed to object to defendant's summation and elected to address the inaccuracies in his rebuttal. Failure to object to erroneous statements of the law or inaccurate statements of the facts (and to request curative instructions) is evidence of waiver. Supreme Court Rule 8.[5] *See Cascella v. Jay James Camera Shop, Inc.,* Conn.Supr., 160 A.2d 899, 902 (1960); *see also South Carolina Insurance Company v. Atlantic Transport,* Del.Supr., 171 A.2d 219 (1961); *Chrysler Corp. v. Quimby,* Del.Supr., 144 A.2d 123, 139 (1958). *Three,* the Trial Court cured any potential prejudice by defining, not once but twice, wanton conduct as "involv[ing] a conscious indifference ... [but that] [t]here need not be any actual intention ... to injure the plaintiff in order for the defendant to have been guilty of wilful or wanton ... conduct." Thus, error, if any, was waived or cured so as to foreclose prejudice.

■■■■ Plaintiff's "appearance of bias" argument (4) also lacks merit. The conduct of a trial is largely within the discretion of the trial judge. *Perrine v. Pennroad Corporation,* Del.Supr., 47 A.2d 479, 490 (1946). A study of the trial transcript reveals that the Trial Judge, in admonishing counsel as to the rules of evidence, acted in a manner consistent with his responsibility to see that the rights of the parties were protected and to ensure that the rules of practice were applied. *State Highway Department v. Buzzuto,* Del.Supr., 264 A.2d 347, 351 (1970). Such actions were not prejudicial.

### *Argument (3)*

■■■ Plaintiff's "failure to instruct" argument (3) is specious. Plaintiff acknowledged at oral argument the lack of any Delaware authority to support the proposition that defendant's violation of one or more motor vehicle statutes constituted

wanton conduct as a matter of law. Indeed, Delaware law is to the contrary. *Rich v. Dolan,* Del.Supr., 294 A.2d 835, 836 (1972). Arguably, defendant's plea to reckless driving may have been an expeditious way of disposing of the more serious charge of driving under the influence. *See Asmuth v. Kemper,* Del.Supr., 174 A.2d 820 (1961). Violations of a rule of the road may create an inference which, when considered together with other facts, may support a conclusion of wantonness. *See Maguire v. Leggio,* Del.Supr., 280 A.2d 723 (1971); *Asmuth v. Kemper,* 174 A.2d at 823–24. But a statutory violation, standing alone, does not compel such an inference. Hence, the Trial Court did not abuse its discretion in declining to give plaintiff's requested instructions.

Affirmed.

---

**5.** Supreme Court Rule 8 states:

> Only questions fairly presented to the trial court may be presented for review; provided,

however, that when the interests of justice so require, the Court may consider and determine any question not so presented.