NELLIE BRITTINGHAM, Defendant Below-Appellant,
v.
JENNIFER LAYFIELD, and DOUGLAS LAYFIELD, SR., her husband, Plaintiffs Below-Appellees.
No. 20, 2008
Supreme Court of Delaware.
Submitted: October 29, 2008
Decided: November 20, 2008
Before STEELE, Chief Justice, BERGER, and RIDGELY, Justices.

ORDER
HENRY DUPONT RIDGELY Justice
This 20th day of November 2008, it appears to the Court that: (1) Defendant-Appellant Nellie Brittingham appeals from a jury verdict in the Superior Court finding her liable to Plaintiff-Appellees Jennifer and Douglas Layfield in the amount of $83,333. Brittingham raises two arguments on appeal. First, she contends that the Superior Court exercised its discretion in an arbitrary and capricious manner and committed plain error by failing to address questions of the jury and by failing to give adequate jury instructions. Second, she contends that the Superior Court abused its discretion in its denial of Brittingham's post-trial motions requesting apportionment of damages, striking of damages, and her request for a new trial. We find no merit to her arguments and affirm.
(2) On November 16, 2004, Jennifer Layfield was operating her motorcycle eastbound on Route 24, east of Millsboro, Delaware behind a van driven by Jeffrey Eichelberger. Brittingham was also traveling eastbound behind Layfield and Eichelberger. As they were headed into a slight right-hand curve in the road, Brittingham's vehicle crossed over the double yellow line, through the westbound lane of traffic, and onto the westbound shoulder. At the same time, Douglas J. Messeck, was traveling at the same location in the westbound lane of Route 24 in his SUV. Multiple collisions ensued and Layfield suffered injuries.
(3) Layfield filed a civil action in the Superior Court alleging negligent and reckless conduct on the part of Brittingham and others. The matter was tried before a jury on both claims. The trial judge instructed the jury that if Layfield was found to be more than 50% negligent, she could not recover. The court declined to give an instruction proposed by Layfield that contributory negligence is not a defense to recklessness. During deliberations, the jury sent a note to the Court indicating that they were having a disagreement over Layfield's negligence versus Brittingham's negligence. The trial judge told counsel that it appeared the jury was having difficulty agreeing on the relative degrees of fault between the parties and that he would deliver a supplemental instruction urging the jury to reach a verdict. Brittingham did not object.
(4) The jury subsequently informed the court that two jurors thought Brittingham was more responsible and ten jurors thought Layfield was more responsible. After discussion with counsel, the court sent the jury back for further deliberations. Layfield again requested an instruction that contributory negligence is not a defense to recklessness. Brittingham objected, insisting that no additional instruction be given, and noting her belief that the jury was not having any difficulty understanding the law.
(5) The jury reached a special verdict, finding that Brittingham was negligent, and that her negligence proximately caused Layfield's injuries. The jury also found that Brittingham was reckless, and that her recklessness proximately caused Layfield's injuries. The jury further found that Layfield was comparatively negligent and allocated negligence of 29% to Brittingham and 71% to Layfield. However, the jury did not award damages. The court advised the jury, contrary to Brittingham's position, that the jury needed to determine the amount of damages based upon the evidence presented at trial. Brittingham then requested, for the first time, an instruction that contributory negligence is not a defense to recklessness. The court denied the request and re-instructed the jury on the need to determine damages.
(6) The jury then presented the court with a list of questions, including a request for an explanation as to why they needed to award damages when they already determined, pursuant to the language of the jury instruction on apportionment of fault, that Layfield was not entitled to any recovery. In response, the court told the jury that it had to determine an amount of damages, and that it was not entitled to consider extraneous matters. Brittingham did not object. The jury awarded Layfield $83,333 in damages. Brittingham's post-trial applications were denied and this appeal followed.
(7) Brittingham first contends that the Superior Court abused its discretion in an arbitrary and capricious manner and committed plain error by failing to give adequate jury instructions and by failing to address jury questions. Essentially, Brittingham argues that while the jury was instructed on contributory negligence and the consequence of finding Layfield more than 50% negligent, the jury was not instructed on the fact that contributory negligence was not a defense to recklessness. As a result, Brittingham claims that the jury lacked a complete understanding of the law and how it would affect the ultimate outcome.
(8) We review discretionary acts of trial judges to determine whether the court exercised its discretion in an arbitrary and capricious manner.[1] The failure to object at trial constitutes a waiver of the right to raise an issue on appeal unless the error is plain.[2] "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[3]
(9) "The primary purpose of jury instructions is to define with substantial particularity the factual issues and clearly to instruct the jury as to the principles of law [that] they are to apply in deciding the factual issues presented in the case before them."[4] "As a general rule, a defendant is not entitled to a particular instruction, but he does have the unqualified right to a correct statement of the substance of the law."[5] We focus on whether the instruction correctly stated the law and enabled the jury to perform its duty.[6] We will reverse "if the alleged deficiency in the jury instructions `undermined ... the jury's ability to intelligently perform its duty in returning a verdict.'"[7]
(10) Delaware law generally presumes that the jury followed the judge's instructions.[8] Here, the jury was instructed on negligence and answered "yes" to the question of whether Brittingham was negligent. The jury was also instructed on recklessness and willful and wanton conduct and answered "yes" to the question of whether Brittingham acted in an intentional, reckless, willful or wanton manner. The jury was instructed on comparative negligence and allocated negligence between Brittingham and Layfield. When the jury did not initially award damages, it was reasonable for the trial judge to infer confusion on the need to determine damages proximately caused by Brittingham's reckless conduct. Ultimately, the jury made a fully informed decision that Brittingham was reckless and awarded damages consistent with the evidence. Brittingham has not demonstrated that any instruction given undermined the jury's ability to intelligently perform its duty in returning a verdict, nor has she shown plain error by the Superior Court.
(11) We find no merit to Brittingham's argument that the verdict was against the great weight of the evidence. Layfield presented evidence that Brittingham attempted to pass two vehicles in a no passing zone going into a blind curve in the roadway. As a result, there was a collision causing Layfield serious injuries. Although Brittingham testified that she did not recall crossing the double yellow line, the jury's verdict is not against the great weight of the evidence.[9]
(12) Brittingham next contends that the Superior Court abused its discretion by denying her post-trial motions requesting apportionment of damages, striking damages, and a new trial. We review a motion for a new trial for abuse of discretion.[10] Under Delaware law, enormous deference is given to jury verdicts. In the face of any reasonable difference of opinion, courts will yield to the jury's decision. It follows that, in the absence of exceptional circumstances, the validity of damages determined by the jury should likewise be presumed.[11] A jury verdict should be set aside only in the unusual circumstance where the award is so grossly out of proportion to the injuries suffered as to shock the Court's conscience and sense of justice.[12] A new trial is warranted only if the jury's verdict is so clearly the result of passion, prejudice, partiality, corruption, or confusion, or the evidence preponderates so heavily against the verdict that a reasonable jury could not have reached that result.[13] None of these circumstances are present here.
(13) Brittingham also argues that the court should have accepted the jury's initial zero award of damages and dealt with any inadequacies through post-trial motions. By ordering the jury to continue deliberations, Brittingham argues that the court asked the jury to perform an additur. While post-trial motions are permitted in cases where the jury returns a zero award of damages, they are just one method available to the parties and the court. It was reasonable for the trial judge to infer jury confusion in this case on the issue of damages. It was also well within the court's discretion to instruct the jury as was done here. In Delaware Electric Cooperative, Inc. v. Wells,[14] we explained that:
The trial judge occupies a unique vantage point in assessing trial dynamics and, as this case illustrates, must often interpret jury reaction to gain insight into irregularities. In this case, it is obvious that the jury misunderstood their role in reducing the damages award after a finding of contributory negligence. The trial judge had an obligation to correct the apparent error, if in fact, error had occurred, by affording the jury a further opportunity to render the damages award in a proper fashion. To the extent the original award did not reflect the intention of the jury, it would have been a miscarriage of justice to have entered such a verdict.[15]
(14) Here, the evidence showed that as a result of the collision Layfield was hospitalized, had surgery to insert steel rods and plates into her leg, and that she experienced significant pain and suffering. Believing the jury misunderstood its role in awarding damages for reckless conduct, the trial judge simply informed the jury of its responsibility to determine the amount of any damages based upon the evidence presented. We find no abuse of discretion by the Superior Court in denying Brittingham's post-trial motions.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Chavin v. Cope, 243 A.2d 694, 695 (Del. 1968).
[2] Probst v. State, 547 A.2d 114, 119 (Del. 1988).
[3] Wainwright v. State, 504 A.2d 1096, 1100 (Del. 1986); Dutton v. State, 452 A.2d 127, 146 (Del. 1982).
[4] Bullock v. State, 775 A.2d 1043, 1047 (Del. 2001) (quoting Zimmerman v. State, 565 A.2d 887, 890 (1989)).
[5] Bullock, 775 A.2d at 1047 (quoting Flamer v. State, 490 A.2d 104, 128 (Del. 1983)).
[6] Corbitt v. Tatagari, 804 A.2d 1057, 1062 (Del. 2002); Cabrera v. State, 747 A.2d 543, 545 (Del. 2000).
[7] Bullock, 775 A.2d at 1047 (quoting Flamer, 490 A.2d at 128); see also Duphily v. Del. Elec. Coop., Inc., 662 A.2d 821, 834 (Del. 1995) ("It is fundamental that the jury have basic understanding of the law which it is asked to apply in order to intelligently perform its duty....").
[8] Reinco v. State, 906 A.2d 103, 112 n.20 (Del. 2006); Fuller v. State, 860 A.2d 324, 329 (Del. 2004)
[9] See Eustice v. Rupert, 460 A.2d 507, 509 (Del. 1983) (noting the question of whether an actor's conduct is wanton is ordinarily one for the trier of fact).
[10] Eustice, 460 A.2d at 510.
[11] Young v. Frase, 702 A.2d 1234, 1236-37 (Del. 1997)
[12] Young, 702 A.2d at 1236-37.
[13] Reinco, Inc., 906 A.2d at 111; Storey v. Camper, 401 A.2d 458, 465 (Del. 1997).
[14] 782 A.2d 263, 2001 WL 898591, at *1 (Del. 2001)(Table).
[15] Del. Elect. Coop., Inc., 2001 WL 898591, at *1.