IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN RE: ASBESTOS LITIGATION, §
§ No. 98, 2019
FORD MOTOR COMPANY, §
§ Court Below: Superior Court
Defendant Below, § of the State of Delaware
Appellant, §
§ C.A. No. N14C-08-164
v. §
§
PAULA KNECHT, Individually, and §
as Independent Executrix of the estate §
of LARRY W. KNECHT, deceased, §
§
Plaintiff Below, §
Appellee. §

Submitted: September 18, 2019
Decided: December 2, 2019

Before **VALIHURA, VAUGHN** and **TRAYNOR**, Justices.

Christian J. Singewald, Esquire, and Rochelle L. Gumapac, Esquire, White and Williams, LLP, Wilmington, Delaware, Jessica L. Ellsworth, Esquire (*Argued*), Hogan Lovells US LLP, Washington, D.C., for Appellant Ford Motor Company.

Adam Balick, Esquire and Patrick J. Smith, Esquire, Balick & Balick, LLP, and Bartholomew J. Dalton, Esquire (*Argued*), Ipek K. Medford, Esquire, Andrew C. Dalton, Esquire, and Michael C. Dalton, Esquire, Dalton & Associates, P.A., Wilmington, Delaware, for Appellee Paula Knecht.

Upon Appeal from the Superior Court: **AFFIRMED in Part, REVERSED in Part,** and **REMANDED.**

**VAUGHN**, Justice:

# I. FACTS AND PROCEDURAL HISTORY

The plaintiff below, appellee, is Paula Knecht, individually and as executrix of the estate of her late husband, Larry W. Knecht. During his lifetime, Mr. Knecht developed mesothelioma from exposure to asbestos. Mr. and Mrs. Knecht brought suit in the Superior Court against 18 defendants seeking damages for Mr. Knecht's injury and Mrs. Knecht's loss of consortium. The primary claim asserted was that the defendants failed to warn Mr. Knecht of the dangers of asbestos. While the case was awaiting trial, Mr. Knecht passed away. When the trial date arrived, there was only one remaining defendant, the appellant, Ford Motor Company. A jury trial commenced on May 13, 2018. The jury was provided with a verdict sheet which asked a number of questions. One question asked was "What amount of compensatory damages do you award Plaintiff[.]" The jury answered this question with $40,625,000. The jury was also asked to compare the negligence of 20 parties, including Mr. Knecht. It assigned to Ford a 20% share of the total negligence. The trial judge then applied 20% to $40,625,000 and arrived at a compensatory damages award against Ford of $8,125,000. The jury also awarded the plaintiff $1,000,000 in punitive damages.

After the jury returned its verdict, Ford filed two motions. One was a renewed motion for judgment as a matter of law under Superior Court Rule 50(b)

2

or, in the alternative, a new trial. The other was a motion for a new trial, or, in the alternative, remittitur. In a written decision the trial judge denied both motions.

On appeal, Ford sets forth three claims. The first is that the Superior Court erred by not granting Ford judgment as a matter of law on the ground that the plaintiff failed to prove that Mr. Knecht's injury was caused by Ford's failure to warn of the dangers of asbestos. The second is that the Superior Court erred by not granting a new trial on the ground that the jury rendered an irreconcilably inconsistent verdict. We have decided that the Superior Court's rulings against Ford on those two claims are correct and should be affirmed for the reasons assigned by the trial judge in his post-trial opinion dated January 31, 2019. The third claim is that the Superior Court erred by not granting a new trial or remittitur on the ground that the compensatory damages verdict is excessive.[1] We have concluded that Ford's third claim has merit and that remand to the Superior Court for further consideration of Ford's motion for a new trial, or, in the alternative, remittitur, is necessary.

The relevant portion of the trial judge's ruling on Ford's motion for a new trial, or, in the alternative, remittitur, on the ground of an excessive verdict, reads as follows:

> Ford would have the Court join it in focusing on the large $40.625 [million] figure in considering whether the

---

[1] The motion did not challenge the punitive damages award as excessive.

verdict was excessive in comparison with other compensatory damage awards it brings to the Court's attention. But, it is not clear why the higher figure is the correct one for the Court to consider, or just how comparable the cases Ford cites are to this case. It is also not clear how the jury arrived at its calculations. Did it start by determining that $8.125 million was the appropriate amount of damages Ford ought to pay, and then calculate that because Ford was 20% negligent, the total compensatory damages award should be $40.625 million? Or, the other way around? In the end, the Court finds that it does not matter. No one is required to pay $40.625 million and Ford is responsible for the considerably smaller amount of $8.125 million. Therefore, the Court will consider the actual amount for which Ford was determined to be responsible in assessing whether remittitur is appropriate.[2]

The trial judge decided that an award of $8,125,000 did not justify a new trial or remittitur.

## II. DISCUSSION

This Court reviews the Superior Court's denial of a motion for a new trial or for abuse of discretion.[3] We similarly review for abuse of discretion the Superior Court's denial of a motion for remittitur.[4]

The rule for determining whether a jury's verdict is excessive is a familiar one.

A verdict will not be disturbed as excessive unless it is so clear as to indicate that it was the result of passion,

---

[2] *In re Asbestos Litig.*, 2019 WL 413660, at *12 (Del. Super. Jan. 31, 2019) (citations omitted).
[3] *Med. Ctr. of Del., Inc. v. Lougheed*, 661 A.2d 1055, 1060 (Del. 1995) (citing *Eustice v. Rupert*, 460 A.2d 507, 510 (Del. 1983)).
[4] *Id.* at 1061 (citing *Strauss v. Biggs*, 525 A.2d 992, 996-97 (Del. 1987)).

> prejudice, partiality or corruption; or that it was manifestly the result of disregard of the evidence or applicable rules of law. Otherwise stated: A verdict should not be set aside unless it is so grossly excessive as to shock the Court's conscience and sense of justice; and unless the injustice of allowing the verdict to stand is clear.[5]

It is clear from the verdict sheet that the jury decided that the plaintiff's compensatory damages were $40,625,000. The rule just stated should have been applied against the jury's compensatory damages verdict, not Ford's lesser share of those damages based on its percentage of fault. A tortfeasor's percentage of fault is not relevant in deciding whether a verdict is excessive. The inquiry must focus on the amount of the plaintiff's damages as determined by the jury. At least two cases in this jurisdiction illustrate the correct approach to analyzing a claim that a verdict is excessive where a defendant's liability for damages is less than the total damages based on its percentage of fault.

In *Broderick v. Wal-Mart Stores, Inc.*, a personal injury case, the jury awarded plaintiff Cyril Broderick $250,000 in damages.[6] It awarded his wife, Comfort Broderick, $75,000 for loss of consortium. The jury also found that Wal-Mart and plaintiff Cyril Broderick were each 50% negligent. The trial judge, accordingly, reduced each plaintiff's award by 50%, leaving Cyril Broderick with an award of $125,000 and Comfort Broderick with an award of $37,500. Wal-Mart filed a post-

---

[5] *Storey v. Castner*, 314 A.2d 187, 193 (Del. 1973) (citations omitted).
[6] 2002 WL 388117, at *1 (Del. Super. Feb. 27, 2002).

trial motion for a new trial or remitter, claiming that the jury's compensatory damages verdicts were excessive. In deciding the motion, the trial judge properly focused on the amounts of the jury's compensatory damages verdicts, not the reduced amounts reflecting Wal-Mart's percentage of fault. In the case of Cyril Broderick, the trial judge found that "the amount of the jury's verdict" was not excessive and denied the motion as to him.[7] In the case of Comfort Broderick, the trial judge found that "an award of $75,000 was grossly disproportionate to the amount of loss."[8] It reduced the damages verdict from $75,000 to $20,000. It then reduced $20,000 by Wal-Mart's percentage of fault, leaving a judgment for Ms. Broderick of $10,000.

*Moffitt v. Carroll* was a personal injury case tried before the Superior Court without a jury and later appealed to this Court.[9] The trial judge concluded that the plaintiff had suffered damages in the total amount of $80,000. It also found that the plaintiff was 20% negligent. Accordingly, it awarded the plaintiff 80% of $80,000, or $64,000. The defendant filed a motion for a new trial, claiming that the damages assessed by the trial judge were excessive. In deciding the motion, the trial judge focused on the total amount of damages of $80,000, not the reduced sum of $64,000. The trial judge denied the motion for a new trial but decided that the appropriate

---

[7] *Id.* at *2.
[8] *Id.*
[9] 640 A.2d 169 (Del. 1994).

amount of damages was $70,000, not $80,000. It then reduced $70,000 by 20%, leaving the plaintiff with an award of $56,000. On appeal, we affirmed in relevant part, finding that the trial court did not abuse its discretion in reducing the damages award.[10]

The same approach should have been taken in this case. The Superior Court should have decided whether the jury's compensatory damages verdict of $40,625,000 was excessive. Its decision to focus on Ford's reduced share of damages of $8,125,000 was error. Therefore, the case must be remanded to the Superior Court so it can decide whether the jury's compensatory damages verdict of $40,625,000 warrants a new trial or remittitur.

For the foregoing reasons, the judgment of the Superior Court is affirmed in part and reversed in part, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

---

[10] *Id.* at 176. On appeal, we affirmed in part, reversed in part, and remanded the case to the Superior Court. The portion that we reversed and remanded pertained to the date from which interest would accrue. *Id.* at 178. That issue is not relevant to this appeal.