**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

December 9, 2019

Emily P. Laursen, Esquire
Kimmel, Carter, Roman, Peltz & O'Neill, P.A
56 W. Main Street, Fourth
Floor Plaza 273
Newark, DE 19702

Louis J. Rizzo, Jr., Esquire
Rizzo & Darnall LLP
Brandywine Plaza East
1523 Concord Pike, Suite 200
Wilmington, DE 19803

> Re: *Victoria L. Willon, et al. v. Duane D. Werb*, C.A. No.: N17C-03-161
> VLM

Dear Counsel:

This is the Court's decision on Defendant Duane D. Werb's Motion for Partial Summary Judgment as to Plaintiffs' Claims for Willful and Wanton Conduct and Any Potential Demand for Punitive Damages. After consideration of all pleadings and the oral arguments on December 2, 2019, for the reasons stated below, Defendant's Motion is **GRANTED.**

### *Factual and Procedural Background*[1]

In December 2016, Plaintiff Sean A. Dotson and Plaintiff Victoria Willon ("Plaintiffs") were involved in a vehicular collision with Defendant Duane D. Werb ("Defendant"), who was operating a vehicle owned by Ean Holdings, LLC ("Ean Holdings"). Plaintiffs allege that this collision resulted in personal injuries and damages to Plaintiffs. Plaintiffs allege that Defendant was negligent and/or careless, reckless and wanton, and that Defendant's conduct is imputed to Ean Holdings.

---

[1] The Court's recitation is based on Plaintiff's Complaint filed on March 23, 2017; Defendant Duane D. Werb's Motion for Partial Summary Judgment as to Plaintiff's Claims for Willful and Wanton Conduct and Any Potential Demand for Punitive Damages filed on August 26, 2019; and Plaintiff's Response to Defendant's Motion for Partial Summary Judgment as to Plaintiffs' Claims for Willful and Wanton Conduct and Any Potential Demand for Punitive Damages filed on November 22, 2019.

1

Plaintiffs request judgment against Defendants, jointly and severally, for their general and special damages.

On August 26, 2019, Defendant filed Motion for Partial Summary Judgment as to Plaintiffs' Claims for Willful and Wanton Conduct and Any Potential Demand for Punitive Damages. On November 22, 2019, Plaintiffs filed their Response. On December 2, 2019, the Court heard oral argument.

### Standard of Review

Under Superior Court Civil Rule 56, the burden of proof on a Motion for Summary Judgment falls on the moving party to demonstrate that "there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law."[2] If the moving party satisfies its initial burden, the non-moving party must sufficiently establish the "existence of one or more genuine issues of material fact."[3] Summary judgment will not be granted if there is a material fact in dispute or if "it seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[4] In considering the motion, "[a]ll facts and reasonable inferences must be considered in a light most favorable to the non-moving party."[5] However, the Court shall not "indulge in speculation and conjecture; a motion for summary judgment is decided on the record presented and not on evidence potentially possible."[6]

### Discussion

The Delaware Supreme Court has indicated that "[t]here is a clear distinction between wantonness and negligence, as the former term includes the elements of consciousness of one's conduct, realization of the probability of injury to another,

---

[2] SUPER. CT. CIV. R. 56(C).

[3] *Quality Elec. Co., Inc. v. E. States Const. Serv., Inc.*, 663 A.2d 488, 1995 WL 379125, at *3-4 (Del. 1995) (citing SUPER. CT. CIV. R. 56(C); *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979); *State v. Regency Group, Inc.*, 598 A.2d 1123, 1129 (Del. Super. 1991)).

[4] *Ebersole v. Lowengrub*, 180 A.2d 467, 469-70 (Del. 1962) (citing *Knapp v. Kinsey*, 249 F.2d 797 (6th Cir. 1957)).

[5] *Nutt v. A.C. & S. Co.*, 517 A.2d 690, 692 (Del. Super. 1986) (citing *Mechell v. Palmer*, 343 A.2d, 621 (Del. 1975); *Allstate Auto Leasing Co. v. Caldwell*, 394 A.2d 748, 752 (Del. Super. 1978)).

[6] *In re. Asbestos Litig.*, 509 A.2d 1116, 1118 (Del. Super. 1986), *aff'd sub. nom. Nicolet, Inc. v. Nutt*, 525 A.2d 146 (Del. 1987).

and disregard of the consequences."[7] In other words, a "[w]illful or wanton disregard of a plaintiff's rights—as opposed to negligence—reflects a 'conscious indifference' or an 'I-don't-care attitude.'"[8] However, if there is not sufficient evidence to show the conduct rose to the level of recklessness, the Court may remove from the trial the potential prejudice that may occur in the plaintiffs' efforts to support this allegation.[9]

Plaintiffs argue that because Defendant was involved in another car accident two weeks prior to this collision, there are facts regarding that accident that may create a viable claim for punitive damages. The theory advanced is that following the first accident, Defendant made a choice not to seek medical treatment. Plaintiffs allege that Defendant's conscious decision to get behind the wheel of a motor vehicle without any assurance that he could safely do so is a factual dispute for the jury to consider for their punitive damage claim. This Court disagrees.

The Court originally denied prior dispositive motions to allow Plaintiffs to conduct discovery to determine whether the level of impairment alleged supported their claims for both compensatory and punitive damages. Having completed discovery, the record presents no factual basis supporting a conclusion that Defendant acted by "purpose or design," or because of "conscious indifference" to Plaintiffs' safety.

It is undisputed that Defendant suffers from a medical condition that was unknown at the time of the first accident. A diagnosis of his medical condition was not available until months after the second accident nor were restrictions placed upon his driving until after he received his diagnosis. Nevertheless, Plaintiffs rely on a medical record entry following this accident to suggest that he may have known he

---

[7] *Francois v. Elom*, No. CV N15C-05-191 FWW, 2017 WL 168867, at *2 (Del. Super. Ct. Jan. 17, 2017) (citing *Bailey v. Pennington*, 406 A.2d 44, 46 (Del. 1979) (quoting *Gallegher v. Davis*, 183 A. 620, 622 (Del. Super. 1936))).

[8] *Id.* (quoting *Kalb v. Council*, 2013 WL 1934665, at *4 (Del. Super. May 8, 2013) (quoting *Eustice v. Rupert*, 460 A.2d 507, 509 (Del. 1983))); *see Estate of Rae v. Murphy*, 956 A.2d 1266, 1270 (Del. 2008) (citing *Porter v. Turner*, 954 A.2d 308, 2008 WL 2474770, at *3 (Del. 2008) (quoting *Cloroben Chem. Corp. v. Comegys*, 464 A.2d 887, 891 (Del. 1983) (citations omitted))).

[9] *See Estate of Alberta Rae v. Murphy*, No. CIV.A.05C-01-087 WCC, 2006 WL 1067277, at *1 (Del. Super. Ct. Mar. 13, 2006), *aff'd sub nom. Estate of Rae v. Murphy*, 956 A.2d 1266 (Del. 2008) (citing *Jardel Co., Inc. v. Hughes*, 523 A.2d 518, 530 (Del. 1987). ("There is no contention here that Jardel's conduct was intentional or malicious. Its actions must therefore be tested under the standard of recklessness . . . . it is clear that the evidence did not suffice for submission to the jury of the issue of punitive damages.")).

3

was suffering from symptoms related to his medical condition that should have prompted him to receive medical treatment. In other words, following *Angelo v. Dean*,[10] that the issue of Defendant's mental state raises a genuine issue of material fact for the jury.

This Court distinguishes this case from *Angelo*. In *Angelo* the defendant allegedly had: (1) been on notice of her sickness prior to the collision at issue; (2) not been driving herself for some time based on this knowledge; and (3) specifically engaged in driving that resulted in the collision at issue, "to prove to her husband that she could drive by herself."[11] Additionally, the *Angelo* defendant's health issues and inability to drive was supported by an affidavit submitted by the investigating officer.[12] In that case, the Superior Court also considered statements allegedly made by defendant regarding her own awareness of her health issues and inability to drive.[13] Here, the record is devoid of any sworn testimony or affidavits regarding Defendant's health or his ability to drive prior to the second collision. Furthermore, there are no alleged statements by Defendant for this Court to consider. For these reasons, this Court does not find that Defendant's mental state raises a genuine issue of material fact.

Moreover, Plaintiffs concede that there is nothing in the medical records to suggest that Defendant was told to seek treatment following his first accident.[14] Therefore, where Defendant was not told to seek treatment, and where there is no evidence of any recommendations, advice or orders surrounding his ability to drive, it cannot be said that Defendant *failed* to seek treatment nor that he made a choice to decline an evaluation. Plaintiff suggests that *if* Defendant had sought treatment two weeks prior, he may have learned of his diagnosis and may have known or been prohibited from driving. This argument requires the Court to make speculation upon speculation. Plaintiffs argument asks the Court to assume that: (1) the prior collision was caused by Defendant's medical condition; (2) following the collision, Defendant became aware of a medical condition; (3) after becoming aware of his condition,

---

[10] *See generally Angelo v. Dean*, No. 80C-MR-27, 1982 WL 172857 (Del. Super. Ct. Dec. 6, 1982) (denying defendant's motion for partial summary judgment on plaintiffs' claim for punitive damages where defendant's state of mind was determined to be a genuine issue of material fact).

[11] *Id.* at *1.

[12] *Id.*

[13] *Id.*

[14] The first collision referred to in this case involved property damage only and there was no evidence of personal injury to warrant medical treatment.

Defendant refused to seek medical treatment or evaluation; and (4) Defendant then, with this knowledge, recklessly decided to drive his vehicle in conscious disregard for the safety of others. Where the Court shall not "indulge in speculation and conjecture[,]"[15] the Court finds that the record lacks factual basis to support these assumptions.

Although, the question of punitive damages is ordinarily an issue for the trier of fact,[16] the Superior Court has indicated that such an award is appropriate only when Plaintiff can establish a *prima facie* case that Defendant exhibited willful and wanton disregard for the safety of others.[17] Here, Plaintiffs are unable to establish a *prima facie case*. In considering all facts and reasonable inferences in a light most favorable to Plaintiffs, and in avoiding speculation and conjecture, this Court finds that there are no genuine issues of material fact. For this reason, Defendant is entitled to Partial Summary Judgment as to Claims of Willful and Wanton Conduct, Defendant's Motion for Partial Summary Judgment as to Any Potential Demand for Punitive Damages is **GRANTED.**



Vivian L. Medinilla
Judge

---

[15] *In re. Asbestos Litig.*, 509 A.2d 1116, 1118 (Del. Super. 1986), *aff'd sub. nom. Nicolet, Inc. v. Nutt*, 525 A.2d 146 (Del. 1987).

[16] *Carter v. Principe*, No. CV N17C-05-353 MMJ, 2019 WL 193138, at *2 (Del. Super. Ct. Jan. 15, 2019).

[17] *Estate of Rae v. Murphy*, 956 A.2d 1266, 1270 (Del. 2008) (citing *Porter v. Turner*, 954 A.2d 308, 2008 WL 2474770, at *3 (Del. 2008)); *see Ford v. Taylor*, No. CV S16C-08-013 RFS, 2018 WL 6016573, at *3 (Del. Super. Ct. Nov. 15, 2018) ("In order for an award of punitive damages to be appropriate the Plaintiffs must establish that the Defendant exhibited a willful or wanton disregard for the safety of others.").