# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSHUA GAGE and SARAH GAGE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N19C-10-268 CLS |
| TOM NYAGAKA NYABIOSI, | ) | |
| TRINITY FREIGHT LOGISTICS, | ) | |
| INC. and PENSKE TRUCK LEASING | ) | |
| CO., L.P., | ) | |
| | ) | |
| Defendants. | ) | |

Date Submitted: January 11, 2022
Date Decided: March 2, 2022

*Upon Plaintiffs' Motion for Reconsideration/Clarification.* **DENIED.**

## ORDER

Jimmy Chong, Esquire, Chong Law Firm, Wilmington, Delaware, 19808, Attorney for Plaintiffs, Joshua and Sarah Gage.

Daniel P. Bennett, Esquire, Mintzer, Sarowitz, Zeris, Ledva & Meyers, LLP, Wilmington, Delaware, 19801, Attorney for Defendants Tom Nyagaka Nyabiosi, Trinity Freight Logistics, Inc., and Penske Truck Leasing Co., L.P.

**SCOTT, J.**

1

Dear Counsel:

The Court has reviewed Plaintiffs' Joshua and Sarah Gage's Motion for Reconsideration/Clarification and Defendants Tom Nyagaka Nyabiosi, Trinity Freight Logistics, Inc., and Penske Truck Leasing Co., L.P.'s ("Defendants") Opposition thereto. For the reasons stated herein, the Motion for Reconsideration is **DENIED.**

On October 31, 2019, Plaintiffs filed the original Complaint seeking damages for an automobile accident between Mr. Nyabiosi and Mr. and Ms. Gage. Mr. Nyabiosi was driving a company commercial vehicle for his employer, Trinity, who rented the commercial vehicle from Penske. Count I of the complaint was Negligence claim, Count II was Loss of Consortium, Count III was Negligent Entrustment, and Count IV was Vicarious Liability/Respondent Superior.

On July 26, 2021, Plaintiffs moved to amend the Complaint to add new counts stemming from the original cause of action due to additional evidence retained through discovery relating to Mr. Nyabiosi's "competency and fitness to be a commercial driver" and Trinity's hiring and employment practices. Defendants opposed the amendment on ground it would unfairly prejudice the defendants as they would have to defend "baseless" allegations. The Court denied the Motion to Amend without prejudice on August 16, 2021.

On November 30, 2021, Plaintiffs moved to amend the Complaint again to include a cause of action for recklessness and negligence per se in Count I, expand Count III to include claims for negligent hiring and retention – which is already contained within the original complaint, with a demand for punitive damages for claims in Counts I, III, and IV. Plaintiffs' reasoning for amendment primarily rested, again, on additional evidence retained through discovery relating to Mr. Nyabiosi's "competency and fitness to be a commercial driver" and Trinity's hiring and employment practices. The Court reviewed the Motion to Amend and Defendants' opposition and denied the Motion to Amend on December 9, 2021.

In a Motion to Amend, Superior Court Civil Procedure Rule 15(a) states that, after responsive pleadings are filed, a party may amend a party's pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[1] Therefore, the trial court has broad discretion in permitting or refusing an amendment to a complaint. Generally, absent a showing of substantial prejudice or legal insufficiency, the court "must exercise its discretion in favor of granting leave to amend."[2]

---

[1] Super. Ct. Civ. R. 15(a).

[2] *E.I. Du Pont De Nemours & Co. v. Allstate Ins. Co.*, 2008 WL 555919, at *1 (Del.Super.Feb.29, 2008).
Several factors the court can consider in determining whether to permit amendments to pleadings are: [T]he legal sufficiency of an order concerning an amendment if obvious on the face of the pleading; whether the proposed claim is

Additionally, the proposed amendment must be legally sufficient, meaning, that it must survive a motion to dismiss under Rule 12(b)(6).[3] Therefore, "all the allegations in the amended complaint must be accepted as true, and the proposed amendment will not be dismissed unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."

In Plaintiffs' Motion to Amend, punitive damages would be a valid remedy if Plaintiffs alleged a prima facie case that Mr. Nyabiosi driving exhibited willful and wanton disregard of others' safety.[4] Inadvertence, mistake, or errors of judgment are considered acts of mere negligence and do not rise to the level required for claims of punitive damages.[5] Punitive damages are awarded to punish outrageous conduct and to deter such conduct in the future.[6] To survive a 12(b)(6) motion to dismiss, Plaintiffs must allege Mr. Nyabiosi behavior reflected a "conscious indifference" or "I don't care" attitude.[7] Where the evidence supports a reasonable inference the

---

narrow; the delay in presentation; whether the amendment will add to the complexity of the trial; and ... whether there will be undue prejudice to the nonmoving party. *Timblin v. Kent Gen. Hosp.*, 1995 WL 44250, at *1 (Del.Super.Feb.1, 1995).

[3] *E.I. Du Pont De Nemours & Co.*, 2008 WL 555919, at *1.

[4] *Porter v. Turner*, 954 A.2d 308, 312 (Del.2007).

[5] *Jardel Co. v. Hughes*, 523 A.2d 518, 529 (Del. 1987) citing Restatement (Second) of Torts § 908, comment b (1979).

[6] *Id.*

[7] *Cloroben Chem. Corp. v. Comegys*, 464 A.2d 887, 891 (Del.1983) (quoting *Eustice v. Rupert*, 460 A.2d 507, 509 (Del.1983)).

conduct meets the standard for recovering punitive damages, the question of punitive damages is typically for the trier of fact. The Plaintiffs did not allege such a claim and therefore are not entitled to punitive damages.

On December 16, 2021, Joshua and Sarah Gage filed their Motion for Reconsideration/Clarification ("Motion") pursuant to Superior Court Civil Rule 59(e). Their sole argument in their Motion is the "Court misapprehended the fact that there was no assertion by Defendants that the other amendments, most particularly those contained in Count III, somehow failed to meet the requirements of Super. Ct. Civ. R. 15 or were in any other way improper or prejudicial to Defendants." Ultimately the argument mainly hinges on the Motion to Amend being unopposed, so according to Plaintiffs the Court should have granted the amendment. On January 11, 2022, the court heard argument on Plaintiffs' Motion.

The case law regarding Rule 59(e) is well-established. A proper Motion for Reconsideration will establish that the Court "overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[8] A "motion for reconsideration or reargument is not an opportunity to rehash arguments already

---

[8] *Bd. of Managers of the Del. Criminal Justice Info. Sys. v. Gannet Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003).

decided by the Court, or to present new arguments that were not previously raised."[9] Pursuant to Rule 59(e), the "movant must demonstrate newly discovered evidence, a change in the law, or manifest injustice."[10]

Plaintiffs have not demonstrated that the Court overlooked controlling precedent or legal principles or misapprehended the law or the facts. Plaintiffs have only claimed, inaccurately, that amendment should have been granted because there was no opposition from Defendants. Rule 15 gives discretion to this Court on the granting of an amendment after amendment as of right has been time-barred. Plaintiffs also failed to demonstrate newly discovered evidence, a change in the law, or manifest injustice. Additionally, Plaintiffs failed to demonstrate newly discovered evidence, a change in the law, or manifest injustice pursuant to Rule 59(e).

**NOW THEREFORE**, for the foregoing reasons, the Plaintiffs' Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
Judge Calvin L. Scott

---

[9] *Patterson-Woods & Associates, LLC v. Independence Mall, Inc.*, 2019 WL 6329069, at *1 (Del. Super. Nov. 26, 2019) (citations omitted)
[10] *Id.* (citation omitted)

6